Joseph F. KIRKPATRICK, Petitioner,

v.

UNITED STATES POSTAL SERVICE,
Respondent.

No. 03–3174.

United States Court of Appeals,
Federal Circuit.

Dec. 5, 2003.

Before MAYER, Chief Judge,
MICHEL, and SCHALL, Circuit Judges.

PER CURIAM.

Joseph F. Kirkpatrick petitions for review of the final decision of the Merit Systems Protection Board ("Board") giving collateral estoppel effect to an arbitrator's award denying his grievance challenging his removal from his position with the United States Postal Service ("agency"). *Kirkpatrick v. U.S. Postal Serv.,* Docket No. SF–0752–02–0021–I–1, 2003 WL 139251 (Jan. 10, 2003). Because the Board's decision is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and is supported by substantial evidence, we *affirm.*

## Background

In November 1997, petitioner Kirkpatrick had an on-the-job accident that caused him significant injury. Petitioner was authorized to return to work in March 1998, but was limited to working three days a week and was required to take a 30–minute break every two hours. After returning to work, petitioner was seen by several doctors for his recurring headaches. These doctors determined that his headaches were related to his on-the-job injury and were being exacerbated by fluorescent lighting and computer monitors at his workplace. These doctors recommended a change of work environment that might alleviate some of his symptoms. The agency offered petitioner another position working five days a week under the restrictions imposed by two of the several doctors he had seen. Petitioner declined this offer on the ground that it was not in accordance with the advice of the first doctor he had seen, who had restricted him to working three days a week.

In July 1999, the Office of Workers' Compensation Programs ("OWCP") at the U.S. Department of Labor informed petitioner that the amended job offer was found to be adequate to address his disability and would remain open for 30 days. Petitioner's attorney wrote a letter to the agency reiterating his decision to decline the offer and requesting that petitioner be reassigned as a driver. The agency had petitioner visit additional doctors who determined that he could work five days a week as a driver.

In September 1999, the Postal Inspection Service issued an investigative memorandum, concluding that petitioner worked at a golf course on dates when he was supposedly disabled from work, and was collecting either workers' compensation or sick leave benefits. In October 1999, the Postal Service informed petitioner of his proposed removal for improperly playing golf and working at the golf course. On November 5, 1999, the Postal Service notified petitioner that his removal would be effective November 26, 1999.

Petitioner filed a timely grievance challenging his removal. On June 18, 2001, an arbitrator determined that petitioner had been removed for just cause and therefore denied the grievance. Petitioner appealed to the Board on October 10, 2001. On November 13, 2001, the Administrative Judge issued an Order to Show Cause, noting the existence of the arbitration award sustaining petitioner's removal and giving petitioner the opportunity to respond in writing to establish why collateral estoppel should not apply.

On November 30, 2001, petitioner responded through counsel. Petitioner argued that collateral estoppel should not apply for several reasons. The Administrative Judge determined that collateral

estoppel precluded relitigation of the merits of the removal, nexus and penalty, and issued an initial decision on January 15, 2002. Petitioner filed a petition for review to the full Board on February 20, 2002; this petition was denied on January 10, 2003. Petitioner now appeals to this court.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## Discussion

The Board may apply collateral estoppel to arbitration decisions concerning Postal Service employees if four conditions are met: (1) the issue previously adjudicated is identical to that now presented; (2) the issue was actually litigated in the prior case; (3) the previous determination of that issue was necessary to the end-decision then made; and (4) the party precluded was fully represented in the prior action. *Kroeger v. United States Postal Serv.*, 865 F.2d 235 (Fed.Cir.1988). Even where the above criteria are met, the application of collateral estoppel may be inappropriate if there is "a specific showing that the precise dispute was not fairly litigated and resolved before the arbitrator." *Id.*

Though there is no dispute that the four criteria listed above were met here, petitioner makes several arguments against application of collateral estoppel in this case. We address each one in turn.

## I.

■ First, petitioner argues that the arbitration award "did not comply with the law." According to petitioner, the medical restrictions placed on him were due only to the fluorescent lights and computer monitors he encountered during his work with the agency, and did not preclude him from playing golf or working at the golf course. In support of his argument, petitioner points to a doctor's report stating that he

has been medically able to play golf since his injury and to other doctors' reports indicating that he should work away from fluorescent lights and computer screens.

The Board found that the arbitrator's decision correctly summarized the actual medical restrictions imposed on petitioner, and we discern no reversible error in the Board's finding. Though it is true that petitioner's doctors suggested that he work away from fluorescent lights and computer monitors, these suggestions were issued after the initial medical restriction recommending that he only work three days a week.

Moreover, the Board found that the arbitrator's decision would stand even if petitioner's characterization of the medical restrictions were adopted. The Board found that the arbitrator's decision hinged on the fact that petitioner worked at an outside job while supposedly unable to work at the agency, thus collecting disability benefits from his injury while collecting a paycheck from outside the agency. Here again, we discern no error in the Board's finding. It is undisputed that petitioner was working at the golf course on days he was collecting either workers' compensation or sick leave benefits.

## II.

■ Petitioner's second argument is that the Notice of Proposed Removal was inadequate because it did not separately specify which of the three charges against petitioner was based on which distinct factual predicate. Petitioner argues that the Notice did not provide due process because the Notice failed to charge that petitioner exceeded his medical restrictions by playing golf and working at a golf course. According to petitioner, he believed that the agency was only asserting that he had failed to fill out correct CA–8 forms re-

flecting his earnings from outside employment; petitioner corrected these forms before the agency began its investigation and believed that matter to be resolved. Petitioner argues that, if he had known that the agency was charging that his job at the golf course was causing him to exceed his medical restrictions, he would have presented testimony from his doctor that he was not exceeding medical restrictions by playing golf.

We disagree that the Notice given to petitioner was inadequate. A notice of proposed removal must inform the employee of the nature of the charges "in sufficient detail to allow the employee to make an informed reply." *Pope v. United States Postal Serv.*, 114 F.3d 1144, 1148 (Fed.Cir. 1997). The Board found, and we agree, that the Notice given to petitioner did precisely that. It included designation of the charges against him—"Falsification of Official Documents / Failure to Follow Instruction / Exceeding Medical Restrictions"—and a three page narrative detailing the conduct with which petitioner was being charged and the Postal Service's evidence in support of its proposed removal action. More specifically, the Notice indicated that the agency was alleging that petitioner exceeded his medical restrictions, clearly stating: "In June 1999, Postal Inspectors were advised that you may be exceeding your physical restrictions by playing golf while on periodic rolls, and working three days a week in limited duty status ... During the Postal Inspectors investigation, it was also disclosed that you not only played golf at the Mariner's Point Golf Course ..., it was discovered that you were an employee of that facility as well."

### III.

Finally, petitioner argues that the arbitrator erred in not considering all the factors of *Douglas v. Veterans Administration*, 5 MSPB 313, 5 M.S.P.R. 280, 306 (1981), and that the Administrative Judge erred in not independently balancing these factors. Here again, we disagree.

The *Douglas* factors need not be applied mechanically, and no factor need be considered if it is irrelevant. *Nagel v. Dep't of Health and Human Servs.*, 707 F.2d 1384, 1386 (Fed.Cir.1983). "It is not reversible error if the Board fails expressly to discuss all of the *Douglas* factors. The Board need only determine that the agency considered the factors significant to the particular case." *Kumferman v. Dep't of the Navy*, 785 F.2d 286, 291 (Fed.Cir. 1986). Here, the Board did precisely that.

The Board also determined that the arbitrator "in effect" considered relevant *Douglas* factors. We discern at least substantial evidence supporting this finding. Though the arbitrator did not call out the *Douglas* factors by name, he considered the factors nevertheless. The arbitrator expressly considered numerous factors, including the length of petitioner's service, petitioner's family situation, the fact that his failure to report outside income to the Department of Labor was merely a mistake, and the agency's determination that it could not consider Kirkpatrick a trustworthy and reliable employee. The Board therefore correctly found the arbitrator to have considered the relevant *Douglas* factors.

Finally, as penalty too is governed by collateral estoppel, no further burden was on the Board to assess the *Douglas* factors.