James B. NAGEL, Petitioner,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.

Appeal No. 58–82.

United States Court of Appeals, Federal Circuit.

May 27, 1983.

Peter B. Broida, Washington, D.C., argued for petitioner.

Allen C. Peters, Washington, D.C., argued for respondent. With him on the brief were J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, and Donnie Hoover, Washington, D.C.

Before FRIEDMAN, NICHOLS and BENNETT, Circuit Judges.

NICHOLS, Circuit Judge.

This is a petition to review a decision of the Merit Systems Protection Board (MSPB or board). The review is granted and we affirm.

Petitioner was discharged from his position of program analyst by the Department of Health and Human Services, Public Health Service, Health Service Administration, Bureau of Medical Services (agency) effective August 8, 1980. Petitioner previously had been employed at St. Elizabeth's Hospital where he engaged in "whistle-blowing" activities. An investigation by the Office of Special Counsel had confirmed petitioner's allegations of reprisal for such activities by management at St. Elizabeth's. Petitioner was subsequently reassigned to the Bureau of Medical Services on July 29, 1979, so he could start afresh in an environment free of the old animosities. The transfer was in no sense a punishment.

Petitioner's discharge from his new position was for failing to complete and submit work assignments and refusing to perform assigned tasks. In reviewing petitioner's discharge, the presiding official of the board's regional office found the agency's charges to be supported by a preponderance of the evidence and found that petitioner's refusal to perform assignments clearly constituted a cause for adverse action such as would promote the efficiency of the service. See 5 U.S.C. §§ 7513, 7701(c)(1) (Supp. V 1981). The presiding official also found that the agency's adverse personnel action was motivated by petitioner's refusal to perform work assignments and that petitioner had not proven his affirmative defense that the action was a reprisal for "whistle-blowing" activities, which is a "prohibited personnel practice" under 5 U.S.C. § 2302(b)(8) (Supp. V 1981). The presiding official found, however, that the agency failed to consider all relevant factors of the case and a clear error of judgment was made in selecting so severe a penalty as removal, citing Douglas v. Veterans Administration, MSPB Docket No. ATO75299006, at 27 (April 10, 1981). The presiding official then reviewed what she determined to be the relevant factors which included petitioner's "whistle-blowing" activities, his lack of input into his reassignment to the Bureau of Medical Services, the new supervisor's attitude and capability or lack of it, and petitioner's attempts at redressing his new work situation at the Bureau. The presiding official then imposed a 30-day suspension in lieu of removal.

Upon petition for review by the MSPB, the board disagreed with the presiding official and affirmed the penalty of removal originally imposed by the agency. In doing so, the board also considered the relevant factors of the case, specifically referring to "the nature and seriousness of the offense, and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional, or was

frequently repeated, and, the effect of the offense upon the employee's ability to perform assigned duties." The board deemed that petitioner's "sustained obstinate refusal to recognize supervisory authority or to perform assigned duties" constituted serious misconduct going "directly at the heart of maintaining the 'efficiency of the service.'" The board also held that petitioner had no right to refuse the assignments, that petitioner's belief that agency officials were engaged in reprisal against him did not lessen the gravity of the offense, and that the mitigating factors relied on by the presiding official were worthy of consideration but not sufficient to outweigh petitioner's misconduct in this case.

Petitioner here seeks review of the board's decision on the grounds that (1) the agency and the reviewing board failed to consider all relevant factors in deciding the appropriateness of the penalty, and (2) that the board failed to resolve issues concerning the circumstances of petitioner's reassignment to the Bureau.

Petitioner does not dispute his failure to perform work assignments nor the board's finding that the adverse action was motivated by this admitted failure. Rather, petitioner argues that the board committed reversible error by failing to follow the guidelines it established in *Douglas v. Veterans Administration,* for reviewing the appropriateness of adverse agency action. Petitioner's position, as we understand it, is that the twelve factors listed in the *Douglas* decision make a sort of check list which must be specifically considered and addressed by an agency one by one before any adverse personnel action is taken in any case. Moreover, petitioner asserts that each of the twelve factors must be specifically considered and addressed by the presiding official and again by the board in reviewing the propriety of the action taken by the agency. It is clear from the language of the *Douglas* decision, however, that petitioner's interpretation is incorrect.

■ In the *Douglas* case, the board stated that in reviewing an agency-imposed penalty, it will determine whether the pro-

cedural requirements have been observed and will consider whether a penalty is within the range allowed by law or regulation and whether it is appropriate and reasonable under all relevant circumstances of the case. The board held that it has "authority to mitigate penalties when the board determines that the agency-imposed penalty is clearly excessive, disproportionate to the sustained charges, or arbitrary, capricious, or unreasonable * * * [and that the authority to mitigate penalties] may be exercised by the Board's presiding officials, subject to [board] review under 5 U.S.C. 7701(e)(1)." The board then listed twelve factors "generally recognized as relevant" in determining the appropriateness of the penalty selected by the agency. The board specifically stated, however, that the list was not exhaustive of all factors which may be considered in a particular case. Moreover, it stated that "[n]ot all of the factors will be pertinent in every case * * *." Clearly, the twelve listed factors were intended to assist agencies in selecting a penalty, and for the reviewing board in determining the appropriateness of the penalty selected. The board never intended that each factor be applied mechanically, nor did it intend mandatory consideration of irrelevant factors in a particular case, or that it should be reversible error not to state expressly that a factor was considered and found irrelevant. Although the board may, of course, state the rules it thinks should govern adverse agency actions and subsequent review, the *Douglas* decision correctly states that neither statute nor regulation *requires* an agency to demonstrate that it considered all mitigating factors.

■ In the present case, both the presiding official and the board articulated and considered factors found by them to be relevant to petitioner's case. This is all that is required by the language of the *Douglas* decision. We will not take this reasonable effort towards consistency and clarity as imposing on us the duty to demand a ritualistic formality that is of no value to us in our review. We hold that no reversible error was committed by the

board in this case when it discussed only those factors listed in the *Douglas* case it deemed relevant.

Although articulation of the reasons for an administrative action may lead to greater deference by a court, the agency action still is sustained unless found to be arbitrary, capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (Supp. V 1981). Whether the guidelines established in *Douglas* were followed is but one factor to be noticed in our review. After careful review of the entire record and with the benefit of oral argument, we find no reversible error and hold that the board's decision must be affirmed.

■ Petitioner has admitted his failure to complete and his refusal to accept work assignments for an extended period of time while employed at the Bureau. Petitioner contends that he was justified because the agency violated an alleged agreement to negotiate the reassignment and because his assignments were merely "make work." Even if petitioner could support these allegations by substantial evidence in the record, which the respondent does not concede, it would not excuse his offense. "Government employees * * * may not refuse to do work merely because of disagreements with management * * * [and failure] to perform their duties * * * [is done] at the risk of being insubordinate." *Boyle v. United States,* 515 F.2d 1397, 1402 (Ct.Cl.1975); *See Burton v. United States,* 404 F.2d 365, 186 Ct.Cl. 172 (Ct.Cl.1968), *cert. denied,* 394 U.S. 1002, 89 S.Ct. 1599, 22 L.Ed.2d 780 (1969). Management may not be the wisest: it is always incompetent at best in the eyes of a target for adverse action. This is no excuse for violating the first law of the work place, namely that it is a place for doing work. Petitioner's failure to perform assigned duties clearly justifies adverse agency action, and the choice of an appropriate "penalty" is a matter of agency discretion. *Boyce v. United States,* 543 F.2d 1290, 1292 (Ct.Cl.1976). We cannot agree with petitioner that removal for what the board found to be an 8-month period of self-imposed idleness was clearly excessive or an abuse of discretion. Government agencies need not tolerate being made the arena for contests in one upmanship on government time.

■ Petitioner also contends that the board committed reversible error when it resolved issues of credibility on conflicting testimony in favor of the agency. At the board, petitioner attempted to prove that the agency entered into an agreement, which it breached, whereby petitioner would be allowed to negotiate or otherwise participate in his reassignment. Petitioner offered no documentary evidence of such an agreement being reached with the agency. Furthermore, the testimony in the record does not clearly establish the existence of an agreement with the agency, either written or otherwise. We hold the board's resolution of credibility issues against petitioner to be supported by substantial evidence and not to be an abuse of discretion. In so holding, we do not wish to be understood as saying that this agreement, were it established, provided a valid defense against the adverse action. We do not reach that question.

In conclusion, we hold that the board substantially followed the guidelines it established in the *Douglas* case for reviewing adverse agency action and its decision to sustain petitioner's removal was not arbitrary, capricious, or an abuse of discretion. We also hold that no error was committed in resolving issues of credibility concerning the alleged negotiation agreement in favor of the agency.

AFFIRMED.