833 F.2d 1023
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Annette M. BOUDREAU, Petitioner,
v.
DEPARTMENT OF AGRICULTURE, Respondent.
 No. 87-3358.
 United States Court of Appeals, Federal Circuit.
 Oct. 21, 1987.
 
 Before MARKEY, Chief Judge, RICH, Circuit Judge, and BALDWIN, Senior Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket Nos. BN07528610171 and BN07528610172, sustaining Department of Agriculture's (agency's) removal of Annette M. Boudreau (Boudreau) for insubordination and unauthorized absence (AWOL), is affirmed.
 
 OPINION
 
 2
 The administrative judge did not misinterpret the 5 U.S.C. Sec. 2301(b)(2) requirement that federal personnel management be implemented "with proper regard" for employees' privacy. Substantial evidence supports the administrative judge's finding that the agency made a "reasonable and bona fide" request in asking Boudreau to explain to the regional director, James P. Wray, her personal reasons for not attending a training school.
 
 
 3
 Substantial evidence supports the board's finding that Wray's order that Boudreau attend the school was one he was "entitled to give and have obeyed" and was not unreasonable. Thus, substantial evidence supports the board's finding that the agency proved the charge of insubordination.
 
 
 4
 Boudreau's argument that Wray violated 5 U.S.C. Sec. 2302(b)(2) by seeking advice from an employee relations specialist is misplaced. "There is no prohibition against a decision-maker calling for advice from those who are not in an adversarial position with the offending employee." Gonzales v. Defense Logistics Agency, 772 F.2d 887, 892 (Fed.Cir.1985).
 
 
 5
 Substantial evidence supports the administrative judge's determination that the agency weighed the relevant factors known to it before proposing Boudreau's removal. Douglas v. Veterans Admin., 5 MSPB 313 (1981). The "severe emotional nature" of Boudreau's situation was unknown to the agency because Boudreau told no one about it. That the deciding official gave no weight to two Douglas factors is of no consequence. Nothing requires an agency to demonstrate that it considered all mitigating factors. Nagel v. Department of Health & Human Servs., 707 F.2d 1384, 1386 (Fed.Cir.1983).
 
 
 6
 We affirm on the basis of the board's opinion because we do not find the decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).