845 F.2d 1033
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Owen J. SCHEER, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 87-3586.
 United States Court of Appeals, Federal Circuit.
 Feb. 5, 1988.
 
 Before RICH, EDWARD S. SMITH, and NIES, Circuit Judges.
 PER CURIAM:
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (board), docket No. PH07528710093, upholding the 20-day suspension of Owen J. Scheer (Scheer) by the Department of the Navy (agency), is affirmed.
 
 OPINION
 
 2
 Scheer was working overtime on July 19, 1986, when the incident which led to his suspension occurred. Scheer was observed by Lawrence Kaul (Kaul), the assigned supervisor for the overtime tour, at 11:50 a.m. wandering around the area next to his section. When asked what he was doing, Scheer responded that he was at lunch. Scheer was again observed by Kaul at 12:35 p.m. talking to another employee. At 12:40, Kaul asked Scheer if he was still at lunch, and Scheer responded that he was just going back to work. Kaul told Scheer to get back to work. Scheer answered that Kaul was not his supervisor and told him to leave him alone. Kaul told Scheer that he was his supervisor for the day and that he was going to put Scheer on report for taking an extended lunch period.
 
 
 3
 Kaul went to talk with Donald McGettigan, and Scheer followed. Kaul again told Scheer to return to work. Scheer answered that he would go back to work because he wanted to, not because Kaul told him to do so.
 
 
 4
 At 12:45, Scheer approached Kaul's work area. There is a dispute as to exactly what Scheer said to Kaul, but it is undisputed that the terms "Nazi," "anti-Semitic," and "Gestapo" were used. Scheer asked Kaul to sign his timecard so he could leave. Kaul told him to get it, and he would sign it. Scheer returned with the timecard and continued his loud accusations. Kaul signed the card, and Scheer then left.
 
 
 5
 The agency suspended Scheer for knowingly making malicious statements with the intent of harming the reputation and authority of Kaul. The administrative judge (AJ) reversed the agency's suspension of Scheer because he found that Scheer did not make the statements with the intent to injure Kaul, his reputation or his authority, and because he found the statements were not malicious. The board reversed the AJ, finding that the statements were inherently derogatory and that Scheer intended to harm Kaul's reputation.
 
 
 6
 Scheer contends that the board erred in reversing the AJ's decision. However, it has been established that the board has the power to reverse an AJ's decision and to substitute its own decision. Jackson v. Veterans Administration, 768 F.2d 1325, 1330 (Fed.Cir.1985). In doing so, the board must articulate a sound reason for its contrary evaluation of the evidence. Id. at 1331. The board's opinion clearly meets this requirement. The board accepted the AJ's summaries of the testimony of various witnesses. However, it disagreed with the AJ's discounting of certain testimony while accepting other testimony, and with the AJ's ultimate finding on intent. The board pointed out the errors in the AJ's decision and its own reasoning. The board's decision was supported by substantial evidence.
 
 
 7
 Scheer also contends that the board erred in not considering the Douglas factors in evaluating the appropriateness of the penalty. Douglas v. Veterans Administration, 5 M.S.P.B. 313 (1981). The board cited the Douglas case and noted Scheer's prior written reprimand supporting the agency's penalty. The board does not have to address all of the Douglas factors, only those it deems relevant to the appeal. Nagel v. Department of Health & Human Services, 707 F.2d 1384, 1386 (Fed.Cir.1983).
 
 
 8
 Finally, Scheer contends the 20-day suspension was excessive given the treatment of other individuals in similar situations. However, it is well established that "[u]nevenness in application of a penalty is not a ground for invalidating it." Schapansky v. Department of Transportation, FAA, 735 F.2d 477, 485 (Fed.Cir.1984).
 
 
 9
 Having considered the above and all other arguments of petitioner, we must affirm the board's decision because it is not arbitrary, capricious, an abuse of discretion, obtained without procedures required by law, rule, or regulation, or otherwise not in accordance with law. 5 U.S.C. Sec. 7701(c); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).