861 F.2d 728
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert CRISTIA, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 88-3152.
 United States Court of Appeals, Federal Circuit.
 Sept. 21, 1988.
 
 Before PAULINE NEWMAN, ARCHER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Robert Cristia appeals the final decision of the Merit Systems Protection Board, Docket No. CH07528610640 (January 28, 1988), sustaining the Department of Justice, Bureau of Prisons' (agency's), demotion of Cristia from Supervisory Correctional Officer, GS-11, to Correctional Officer, GS-8, for the use of unnecessary force on a restrained inmate. We affirm.
 
 OPINION
 
 2
 We have reviewed the board's findings and have found that they are supported by substantial evidence and they are not in any respect arbitrary, capricious, an abuse of discretion, or contrary to law. See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 3
 Cristia asserts that the board committed error when in its opinion it used the words "inmate abuse" instead of the actual title of the sustained charge, "use of unnecessary force on a restrained inmate." However, when the record is viewed as a whole, it is apparent that the board reaffirmed the demotion penalty in light of the agency's sustained charge of use of unnecessary force on an inmate, with full understanding what the charge was.
 
 
 4
 The board's opinion begins by explicitly stating the agency's sustained charge was "[use of] unnecessary force on a restrained inmate." The board concludes that "the agency-imposed penalty of demotion does not exceed the bound of reasonableness for the sustained charge...." This language clearly indicates that the board evaluated the penalty with reference to the agency's sustained charge. Nor did its use of the short-hand label "inmate abuse" indicate to the contrary.
 
 
 5
 Cristia also alleges that the board's affirmance of the agency's penalty was inappropriate because the board did not sustain one of the agency's charges. According to the agency's penalty guide, penalties for the first offense of physical abuse of an inmate or for use of insulting, abusive, or obscene language to or about an inmate range from an official reprimand to a removal. Since demotion is within this range, it would have been within the board's power to impose such a penalty for either offense or for both offenses.
 
 
 6
 When an administrative judge does not sustain all of the charges against an employee, the administrative judge must decide whether the sustained charge still merits the penalty imposed by the agency. See Douglas v. Veterans Administration, 5 M.S.P.B. 313, 334 (1981). In this case, the board correctly applied the law, by overturning one charge but analyzing the penalty for the remaining charge by applying relevant Douglas factors. In concluding that the evidence was still sufficient to uphold Cristia's demotion, the board did not abuse its discretion.
 
 
 7
 Cristia argues that the Douglas criteria were not correctly applied by the agency or board. Specifically, he alleges that the board should have applied more Douglas factors than it did. However, when the board reviews an agency penalty to determine whether the penalty is appropriate and reasonable under all relevant circumstances of the case, the board is not required to apply all twelve of the Douglas factors in a mechanical fashion; rather, it may choose factors which are suitable to the case at hand. Nagel v. Department of Health and Human Services, 707 F.2d 1384, 1386 (Fed.Cir.1983). In this case the board explained which relevant factors it used to determine whether the agency's penalty was excessive. This is all the board is required to do. Id. The board's analysis of factors relating to Cristia's position as supervisor and the loss of confidence of Warden Jenkins in Cristia, his authorized substitute, clearly demonstrate that the board did not act arbitrarily or capriciously or abuse its discretion.
 
 
 8
 Accordingly, we affirm.