954 F.2d 735
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Danny E. FINO, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 91-3296.
 United States Court of Appeals, Federal Circuit.
 Jan. 31, 1992.
 
 Before RICH, RADER and ALARCON[1], Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Danny E. Fino appeals from the March 27, 1991 final decision of the Merit Systems Protection Board (Board), Docket No. DE07529110046. According to the Administrative Judge's (AJ) initial decision which ultimately became the Board's final decision upon Mr. Fino's failure to petition the full Board for review, the United States Postal Service's (Postal Service) removal of Mr. Fino from his position as a postal employee was a reasonable penalty under the circumstances of this case. We affirm.
 
 OPINION
 
 2
 We are not persuaded by Mr. Fino's argument that the Postal Service's alleged failure to make the requisite findings as to the appropriateness of the removal penalty imposed upon him and alleged failure to take into account the relevant mitigation factors outlined in Douglas v. Veterans Administration, 5 M.S.P.R. 280, 305 (1981) somehow handicapped the AJ during his review. The Letter of Decision prepared by the Postal Service reveals that it considered, among other things, Mr. Fino's knowledge that he was violating a postal policy by removing and opening mail without authorization, the seriousness of the violation and its relation to Mr. Fino's duties, whether the offense was committed intentionally, the number of times Mr. Fino committed the violations, Mr. Fino's prior work and disciplinary record, the loss of the Postal Services's confidence in Mr. Fino and its effect upon Mr. Fino's ability to perform his duties, the appropriateness of the penalty of removal in view of similar cases involving theft of the mail, and the potential for rehabilitation.
 
 
 3
 Likewise, the AJ in reviewing whether the Postal Service's removal penalty was reasonable and appropriate, specifically indicated that he reviewed the penalty under the Douglas standards. He considered, among other things, the nature and seriousness of the offense, relation of the offense to Mr. Fino's duties, prior notice of the wrongfulness of the offense, Mr. Fino's prior years of satisfactory service with the Postal Service, other cases in which removal has and has not been upheld for mail offenses, Mr. Fino's potential for rehabilitation, and Mr. Fino's explanation of his conduct.
 
 
 4
 We hold that the AJ adequately articulated and considered the factors relevant to Mr. Fino's case. The AJ did all that is required by Douglas. Nagel v. Department of Health and Human Services, 707 F.2d 1384, 1386 (Fed.Cir.1983).
 
 
 5
 Nor are we persuaded by Mr. Fino's argument that the removal penalty imposed upon him by the Postal Service was an overly harsh and disparate punishment. Mr. Fino failed to show that the Postal Service treated him disparately compared with another postal employee, Antoinette Bolling, who was allowed to continue her employment under a last chance agreement. We agree with the Board that, even if the charges were the same, the case against Bolling had a lower probability of success when compared with the Postal Service's case against Mr. Fino who was not only caught "red handed" but confessed to the violations. As the Board correctly found, agencies should be encouraged to consider cases individually and settle those in which the proof appears to be weaker. Such common sense handling of cases does not constitute disparate treatment. Bergh v. Department of Transportation, FAA, 794 F.2d 1575, 1577-1578 (Fed.Cir.1986), cert. denied, 479 U.S. 950 (1986).
 
 
 6
 Finally, we reject Mr. Fino's argument that the Postal Service failed to present evidence to support a showing that the agency action was taken "... for such cause as will promote the efficiency of the service." First, as the Board noted, Mr. Fino stipulated that the Postal Service's action was designed to promote the efficiency of the service. Second, Mr. Fino relies on documents that were not a part of the record below to support his argument that the Stipulation agreement is not valid. Therefore, these documents will not be considered and, moreover, have been stricken from the record in a separate proceeding. Third, even assuming an error could be established, such error would be harmless. Considering the severity of Mr. Fino's offense, we agree with the AJ's finding that "discipline of a postal employee for stealing mail obviously promotes the efficiency of the service."
 
 
 7
 The Board's decision must be affirmed unless it is found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). We see no such error here and, accordingly, affirm.
 
 
 
 [1]
 The Honorable Arthur L. Alarcon, Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation