NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALLYN MOGIL,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2018-1673

---

Petition for review of the Merit Systems Protection Board in No. CH-0714-18-0060-I-1.

---

Decided: May 1, 2019

---

MICHAEL AJIAWUNG FONDUNGALLAH, Fondungallah & Kigham, LLC, Saint Paul, MN, for petitioner.

JESSICA COLE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOSEPH H. HUNT, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.

---

Before LOURIE, MOORE, and CHEN, *Circuit Judges.*

PER CURIAM.

Allyn Mogil appeals from a decision of the Merit Systems Protection Board upholding his removal from the Department of Veterans Affairs ("VA"). For the following reasons, we *affirm*.

## BACKGROUND

Mr. Mogil served as an engineering technician at the VA Medical Center in Minneapolis, Minnesota from 2008 to 2017. In this role, he was responsible for development, design, and implementation of VA engineering and maintenance projects, including new construction, renovation, and equipment replacement and service. Around November 2016, he began sharing an office with Tony Horacek. Their office had three light fixtures controlled by two switches. They had an ongoing dispute over whether the lights should remain on or off in their office. Mr. Mogil requested that all the lights remain on, but Mr. Horacek wanted one or two of the light fixtures off because the lights caused a glare on his computer screen and were uncomfortable on his eyes. Mr. Mogil's manager, Catherine Joyce, twice offered for him to move to a cubicle in an adjoining room, but he declined. The two initially agreed that Mr. Horacek could adjust the lights when Mr. Mogil was not in the office.

Around June 2017, Mr. Mogil indicated to Mr. Horacek that he wanted all three lights on all the time, even when he left the office. On separate occasions, Mr. Mogil placed painter's tape over the light switch and welded a metal plate over the light switch to try to make sure the lights stayed on, but each time Mr. Horacek removed these items and turned the lights off when Mr. Mogil left the office. Mr. Mogil asked his supervisor multiple times to intervene, and his supervisor eventually told them to leave the lights on and get along. J.A. 150–51. The day after, Mr. Mogil left the office, and when he returned he discovered that Mr. Horacek had turned the lights off. He "snapped,"

retrieved a hammer from the facility's electrical shop, and smashed the light switch with the hammer, which permanently disabled the lighting in his office and disrupted the lighting in nearby rooms. J.A. 151, 253.

Steve Challeen, Mr. Mogil's second-level supervisor, proposed removing him pursuant to 38 U.S.C. § 714 for damaging government property. Mr. Mogil provided written and oral responses to Patrick Kelley, the Medical Director of the Medical Center and deciding official, noting the steps he took to resolve the situation prior to destroying the light switch. He also stated that he regretted his actions and apologized. The VA removed him for damaging government property.

Mr. Mogil appealed his removal to the Board. The administrative judge ("AJ") issued an initial decision affirming his removal. That decision became the final decision of the Board pursuant to 5 C.F.R. § 1201.113, and Mr. Mogil timely petitioned this court for review. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must "review the record and hold unlawful and set aside any agency action, finding, or conclusion found to be (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) obtained without procedures required by law, rule, or regulation having been followed; or (C) unsupported by substantial evidence." 38 U.S.C § 714(d)(5)(B); *id.* § 7462(f)(2).

Prior to the VA Accountability and Whistleblower Protection Act of 2017 (the "Act"), employees of the VA were removed for misconduct pursuant to the procedures specified in Chapter 75 of Title 5, which applies to federal employees generally. This appeal raises questions about how the Act impacts such removals, specifically with regard to

whether the Board may review the reasonableness of the penalty.

In general, federal employees can be removed for misconduct "only for such cause as will promote the efficiency of the service." 5 U.S.C. §§ 7512–13(a). On appeal to the Board, the agency's "decision" is sustained if "supported by a preponderance of the evidence." *Id.* § 7701(c)(1)(B). The Board has held that this standard applies to the agency's burden in proving the misconduct and the agency's decision to impose the particular penalty, to the extent that decision rests upon considerations of fact. *Douglas v. Veterans Affairs*, 5 M.S.P.R. 280, 296–97 (1981). In *Douglas*, the Board also held that "the appropriateness of a penalty, while depending upon resolution of questions of fact" also involves "the application of administrative judgment and discretion." *Id.* at 297. The Board laid out factors for the agency to consider in determining the appropriateness of a penalty. *Id.* at 305–06. While it is "the agency's exclusive domain in disciplining its employees," *Lachance v. Devall*, 178 F.3d 1246, 1258 (Fed. Cir. 1999), the Board has "the authority to review the agency's penalty determination using the [*Douglas*] factors," *Archuleta v. Hopper*, 786 F.3d 1340, 1352 (Fed. Cir. 2015); *see also Douglas*, 5 M.S.P.R. at 306 (holding that the Board reviews whether the agency "conscientiously consider[ed] the relevant factors" and "str[uck] a responsible balance within tolerable limits of reasonableness"). The Board must sustain the agency's removal decision if it determines the agency proved by preponderant evidence that the charged conduct occurred, there is a nexus between that conduct and the efficiency of the service, and removal was reasonable in light of the relevant *Douglas* factors. *Malloy v. U.S. Postal Serv.*, 578 F.3d 1351, 1356 (Fed. Cir. 2009).

When reviewing a removal decision pursuant to Chapter 75 of Title 5, the Board has the authority to mitigate the selected penalty if it determines that the penalty is unreasonable. *Lachance*, 178 F.3d at 1260. If the Board

sustains all of the agency's charges, it may mitigate to the "maximum reasonable penalty" when it finds the selected penalty too severe. *Id.* If it sustains fewer than all of the charges, it may mitigate to the "maximum reasonable penalty" as long as the agency has not indicated that it desires a lesser penalty. *Id.*

The Act made several changes regarding actions against VA employees, including giving the VA Secretary more discretion to remove an employee, heightening the deference the Board gives to the removal decision, and removing the Board's ability to mitigate the penalty imposed when the decision is supported by substantial evidence. 38 U.S.C. § 714. The Secretary may remove a VA employee "if the Secretary determines the performance or misconduct of the [employee] warrants such removal . . . ." *Id.* § 714(a)(1). On appeal to the Board, if the "decision" is supported by substantial evidence, "the administrative judge shall uphold" the removal decision and "shall not mitigate the penalty prescribed by the Secretary." *Id.* § 714(d)(2)(A)–(B). The parties dispute the effect these changes have on the Board's ability to review a penalty's reasonableness.

The VA's removal decision states that a *Douglas* factor analysis was not required and § 714 only requires that substantial evidence show that the misconduct occurred. The Board likewise held that because § 714(d)(2)(B) eliminated the Board's ability to mitigate the penalty, "the reasonableness of the agency's imposed penalty, along with a consideration of mitigating and aggravating factors under *Douglas* . . . is immaterial." J.A. 10. It concluded that because substantial evidence supports the misconduct charge, "the agency's removal penalty must be affirmed." J.A. 16 (citing 38 U.S.C. § 714(d)(2)(B)).

Mr. Mogil acknowledges that § 714(d)(2)(B) eliminated the Board's ability to mitigate the penalty if the decision is supported by substantial evidence. He argues, however,

that § 714(d)(2)(A)'s requirement that the Board determine whether "the decision of the Secretary to remove . . . an employee under subsection (a) is supported by substantial evidence," includes whether substantial evidence supports the reasonableness of the penalty.  He argues the fact that the Board can no longer mitigate the penalty does not excuse the agency from considering the *Douglas* factors before arriving at a decision.

The VA disagrees, emphasizing that the Act was intended to make it quicker and easier to remove VA employees.  Under the VA's interpretation, the Board can only review whether substantial evidence supports the VA's finding that the misconduct occurred.  The VA argues that because the Board can no longer mitigate the penalty and § 714 eliminated the efficiency-of-the-service requirement, the Board no longer reviews whether a penalty is reasonable and a *Douglas* factor analysis is irrelevant.  It argues that requiring a *Douglas* factor analysis before removing an employee would undermine the purpose of § 714, which was to simplify and expedite the removal process.

The VA views § 714 as giving the Secretary essentially unfettered discretion to remove an employee for any reason, no matter how minor, provided substantial evidence shows that the employee committed the charged misconduct.  If, for example, an employee was caught improperly using a paper clip purchased by the government for personal use, the Secretary could determine that conduct warrants removal, even if the employee up to that point received perfect evaluations and had a spotless disciplinary record.  Under the VA's interpretation, the Board would have no authority to hold this penalty unreasonable and remand to the VA for a new penalty assessment.  Such an interpretation would be a dramatic shift in how the Board reviews adverse actions against other federal employees and does not necessarily flow from the elimination of the Board's ability to mitigate a penalty.  As to employees hired prior to the Act, the VA's interpretation also raises

potential constitutional concerns with regard to the Takings Clause and Due Process Clause. *See Stone v. Fed. Deposit Ins. Corp.*, 179 F.3d 1368, 1375 (Fed. Cir. 1999) (holding that § 7513(a) created a property interest in continued employment "unless the agency could show [the employee] needed to be removed for cause or unacceptable performance"). We need not consider, however, whether the VA's interpretation is proper here because any error in interpreting § 714 was harmless.

There is no dispute that Mr. Mogil intentionally destroyed government property. He only argues on appeal that removal was unreasonable. Assuming, without deciding, that we may review the VA's penalty selection as we can the penalties imposed on federal employees generally, our review "is highly deferential," and penalties are considered reasonable unless "grossly disproportionate to the offense charged." *Farrell*, 314 F.3d at 594 (internal quotation marks omitted); *see also Webster v. Dep't of Army*, 911 F.2d 679, 686 (Fed. Cir. 1990).

The removal decision adequately explains the VA's determination that removal was appropriate. It states that Mr. Mogil's position "carries great responsibility" and entrusts him "to manage millions of dollars of allocated taxpayer funds" and that his actions show he can no longer be trusted to carry out his responsibilities professionally. J.A. 183. It states that destroying government property in response to an officemate turning the lights off "is never an acceptable response to an interpersonal disagreement." J.A. 183. It states that the VA considered the fact that he was seeing a counselor and that he apologized and expressed remorse, but nonetheless found that removal was reasonable and warranted given the nature of the actions.

While the Board states that "the reasonableness of the agency's imposed penalty, along with a consideration of mitigating and aggravating factors" is "immaterial," it nonetheless considered such evidence in upholding the

removal decision. J.A. 10. It addresses his supervisor Ms. Joyce's testimony that she was not informed of the dispute and that she lost confidence in Mr. Mogil's ability to continue his job after his actions. J.A. 13. It found the deciding official credibly testified that he considered the entire evidentiary file and mitigating factors before selecting the penalty of removal. J.A. 14–15. It also noted that "[t]he table of penalties includes the discipline of removal for a first offense of intentional damage to government property." J.A. 15.

Mr. Mogil argues that the agency should have been required to perform a full analysis under the *Douglas* factors. But he fails to show how such an analysis would have changed the outcome. He argues only that the VA failed to consider the actions he took to resolve the dispute over the lights prior to destroying the light switch and the remorse he felt after doing so. He also blames his actions on a failure of his supervisor to take action. He argues that because the deciding official was not presented with these facts in the letter of proposed removal, the Board should have reassessed his removal in light of the correct facts.

The removal decision contradicts his contentions. The decision notes Mr. Mogil's oral and written replies including that he asked Mr. Horacek several times to keep the lights on, that he spoke to his acting supervisor about the issue, and that he attempted to ensure the lights would remain on by putting tape over the switch and welding a metal plate over the switch. J.A. 182. It states that this information was "carefully considered" prior to determining that removal was reasonable and warranted. J.A. 182–83. And as the Board noted, the deciding official testified to the Board that he considered mitigation evidence before deciding that removal was appropriate. J.A. 130–31.

As we have previously noted, "neither statute nor regulation *requires* an agency to demonstrate that it considered all mitigating factors," and "[w]hether the guidelines

established in *Douglas* were followed is but one factor to be noticed in our review." *Nagel v. Dep't of Health and Human Servs.*, 707 F.2d 1384, 1386–87 (Fed. Cir. 1983). We held in *Nagel* that under the same standard of review it was not reversible error for the Board to discuss "only those factors listed in the *Douglas* case it deemed relevant." *Id.* On appeal, Mr. Mogil has not pointed us to any *Douglas* factor that the agency did not consider and that would have been relevant in selecting a penalty.

Given that Mr. Mogil acknowledges he intentionally destroyed government property and the agency's consideration of the relevant evidence before determining that removal was appropriate, we do not think the agency action here was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. We leave for another day the statutory interpretation issue with constitutional implications.

## CONCLUSION

We have considered Mr. Mogil's other arguments and find them unpersuasive. For the foregoing reasons, we *affirm*.

## AFFIRMED

### COSTS

No costs.