## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHELIA Y. KIRKLEY,
       Appellant,

     v.

DEPARTMENT OF THE ARMY,
       Agency.

DOCKET NUMBER
PH-0752-16-0404-I-1

DATE: March 15, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Cheri L. Cannon, Esquire, and John D. Vena, II, Esquire, Washington,
    D.C., for the appellant.

Jeffrey C. Dozier, Esquire, Fort Meade, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her removal from her Supply Management Specialist position based on

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

the charge of inappropriate conduct. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2　　　In her petition for review, the appellant argues that her representative did not adequately represent her, that the administrative judge believed a coworker's testimony because she cried during her testimony, and that agency managers did nothing when another coworker made threatening statements to the appellant. Petition for Review (PFR) File, Tab 1. The appellant's claim of inadequate representation does not constitute a basis for reversal of the initial decision. *Sparks v. Department of the Interior*, 62 M.S.P.R. 369, 371 (1994). Even if true, the presence of inadequate counsel is not a basis for reversal because the appellant is held responsible for the action or inaction of her chosen counsel. *Id.*; *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981) (stating that the appellant is responsible for the errors of his chosen representative). Further, the appellant has provided no support for her assertion that the administrative judge was influenced by the accusing coworker's tears. Additionally, the appellant has presented no evidence to show that her perception of the agency's response to the

alleged threatening behavior by a coworker is relevant to determining whether the agency met its burden to prove the charge and the reasonableness of the penalty.[3]

¶3    In a supplement to her petition for review, the appellant also argues that the administrative judge erred in finding that the appellant's removal would affect the efficiency of the service and that he misapplied the *Douglas* factors[4] in finding that the penalty of removal was within the bounds of reasonableness.[5]  PFR File, Tab 6.

¶4    Regarding the appellant's assertion that her removal did not promote the efficiency of the service, she contends that the actions she is alleged to have taken are not misconduct.  PFR File, Tab 6 at 14-16.  These allegations, however, must be taken in context, as the administrative judge explained in the initial decision.

¶5    The administrative judge found that the deciding official misapplied the *Douglas* factors, and thus his penalty determination was not entitled to deference, and therefore the administrative judge had to determine the maximum reasonable

[3] The appellant also argued that her supervisor was rude to her and her union representative when giving her a memorandum on December 28, 2015, but she does not explain the nature or purpose of that memorandum or the relevancy of her argument to the removal appeal.  On review, the appellant includes a number of emails that compliment her performance.  PFR File, Tab 1 at 9-25.  Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has not shown that the emails, which predate the close of the record below, were previously unavailable despite her due diligence.

[4] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in an adverse action.

[5] To the extent that the appellant is arguing that the administrative judge erred by referencing her failure to testify at the hearing or to speak with the agency official who investigated the charges against her, she has not shown error.  PFR File, Tab 6 at 13; Initial Appeal File, Tab 29, Initial Decision (ID) at 5; *see, e.g.*, *Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 3 n.1 (2014) (noting by way of background that the appellant did not testify at the Board hearing).  The administrative judge did not draw an adverse inference from the appellant's actions and simply noted the facts.  ID at 5.

penalty. Initial Appeal File (IAF), Tab 29, Initial Decision (ID) at 12. The administrative judge properly reviewed the agency-imposed penalty and considered all of the relevant *Douglas* factors implicated by the facts of the appellant's case to determine whether the penalty was within the tolerable limits of reasonableness. *See Pinegar v. Federal Election Commission*, 105 M.S.P.R. 677, ¶ 53 (2007) (stating that the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that it clearly exceeded the bounds of reasonableness in determining the penalty); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). The administrative judge considered the seriousness of the offense, its relationship to the appellant's duties, position, and responsibilities,[6] that the misconduct was intentional and repeated, that the appellant previously had received a 5-day suspension for similar misconduct, that the appellant's supervisors had lost confidence in her ability to perform her duties, and that the penalty of removal was consistent with the agency's table of penalties for a second offense.[7] ID at 14-15. The administrative judge also considered as mitigating factors the appellant's 32 years of service and satisfactory job performance. ID at 15.

---

[6] As the administrative judge found, belligerent and rude behavior would be disqualifying for an individual who serves as a contact point for both customers and coworkers. ID at 14. The appellant's assertion that she was not such a contact point is contradicted by her position description, which states that the incumbent has the responsibility to plan, organize, coordinate, and advise on purchasing and contracting efforts. IAF, Tab 8 at 14-20.

[7] The appellant argues that the administrative judge failed to address the consistency of the penalty with that imposed on other employees for the same offense and that the administrative judge erred by not finding fault with the deciding official's failure to research the consistency of the penalty. PFR File, Tab 6 at 26. When analyzing disparate penalty claims, broad similarity between employees is insufficient to establish that they are appropriate comparators. The relevant inquiry is whether the agency knowingly and unjustifiably treated employees differently. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶¶ 10-14. Here, the appellant failed to meet her evidentiary burden of proof for this claim.

¶6      We agree with the administrative judge that, considering all of the relevant factors, the penalty of removal for the appellant's misconduct does not exceed the tolerable limits of reasonableness.  Regarding the appellant's argument that the administrative judge did not consider all of the *Douglas* factors, the Board has recognized that not every factor is relevant to a particular case.  *See Nagel v. Department of Health and Human Services*, 707 F.2d 1384, 1386 (Fed. Cir. 1983) ("The [B]oard never intended that each [*Douglas*] factor be applied mechanically, nor did it intend mandatory consideration of irrelevant factors in a particular case."); *Douglas*, 5 M.S.P.R. at 306 (stating that not all of the factors will be pertinent in every case, and it must be borne in mind that the relevant factors are not to be evaluated mechanistically).

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[9]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.