NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOEY D. GONZALEZ,**

*Petitioner*

**v.**

**DEPARTMENT OF AGRICULTURE,**

*Respondent*

---

2023-1647

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-22-0395-I-1.

---

Decided: February 6, 2025

---

JOEY D. GONZALEZ, Miami, FL, pro se.

RAFAEL SHAPIRO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY.

---

Before DYK, CLEVENGER, and PROST, *Circuit Judges*.

PER CURIAM.

Joey D. Gonzalez petitions for review of a decision of the Merit Systems Protection Board ("Board") affirming the Department of Agriculture's ("Agency") termination of Mr. Gonzalez for failure to maintain a condition of employment. *See Gonzalez v. Dep't of Agric.*, No. AT-0752-22-0395-I-1 ("*Gonzalez II*") (M.S.P.B. Dec. 16, 2022). We *affirm*.

## BACKGROUND

This case involves two decisions by the Board, but only the second decision is before us on review. Nonetheless, an understanding of both decisions is necessary.

### Gonzalez I

On January 5, 2004, Mr. Gonzalez was hired as an Information Technology ("IT") Specialist at the Agency's Subtropical Horticultural Research Station ("ARS"). Mr. Gonzalez was required to complete an SF85 "Questionnaire for Non-Sensitive Positions" background check, which is used to screen employees that are assigned to nonsensitive or low-risk positions. On August 10, 2018, the Agency dismissed Mr. Gonzalez from federal service for performance-based reasons.

On September 23, 2019, the Board in an Initial Decision reversed the Agency's action and ordered Mr. Gonzalez's reinstatement effective August 10, 2018. *See Gonzalez v. Dep't of Agric.*, No. AT-0432-19-0700-I-1 (M.S.P.B. Sept. 23, 2019) ("*Gonzalez I*"). The Agency petitioned for review of *Gonzalez I* but placed Mr. Gonzalez on paid administrative leave on November 20, 2019. The Agency restored him to service with backpay and benefits on November 25, 2019.

On September 1, 2023, the Board issued a nonprecedential order dismissing the Agency's petition for review

in *Gonzalez I*, ordering the Agency to restore Mr. Gonzalez to federal service effective August 10, 2018. By letter dated September 21, 2023, the Agency advised Mr. Gonzalez that it had cancelled his removal effective August 10, 2018, by restoring him to service on November 25, 2019, with backpay and benefits. On October 17, 2023, he filed a petition for enforcement, alleging that the Agency had not complied with the order in *Gonzalez I*. An administrative judge denied that petition, agreeing with the Agency that it had complied with the Board's decision in *Gonzalez I* on November 25, 2019. *See Gonzalez v. Dep't of Agric.*, No. AT-0432-18-0700-C-1, at 3 (M.S.P.B. Jan. 17, 2024). On August 29, 2024, this court dismissed Mr. Gonzalez's petition for review of the enforcement proceedings concerning *Gonzalez I* for failure to prosecute. *Gonzalez v. Dep't of Agric.*, No. 2024-1672, 2024 WL 3984091 (Fed. Cir. Aug. 29, 2024) (nonprecedential).

## Gonzalez II

After restoring Mr. Gonzalez to federal service after the Board's decision in *Gonzalez I*, the Agency notified Mr. Gonzalez that it was implementing an IT reorganization and consolidation, which would involve transitioning Mr. Gonzalez's ARS position to supervision under the Agency's Office of the Chief Information Office ("OCIO"). On August 19, 2020, Agency Assistant Chief Information Officer Lorna Drennen contacted Mr. Gonzalez regarding the Agency's consolidation of IT services. Ms. Drennen notified Mr. Gonzalez that as result of the consolidation, Mr. Gonzalez would be transitioned from his position at ARS to OCIO. On December 8, 2021, OCIO administrator Tawana Gaskins notified Mr. Gonzalez that to perform his duties, he would need to undergo a more stringent SF85P "Questionnaire for a Public Trust Position," which is used to screen employees assigned to moderate- to high-risk public trust positions.

Mr. Gonzalez notified the Agency that he refused to submit the required information for the background check. On January 10, 2022, OCIO Business Services Division Director Lisa Keeter placed Mr. Gonzalez on absence without leave until he submitted the required information for the background check. On May 4, 2022, Frank Hoeppel terminated Mr. Gonzalez for failure to satisfy a condition of employment.

Mr. Gonzalez appealed to the Board. On December 16, 2022, an administrative judge issued an Initial Decision sustaining his dismissal. *See Gonzalez II*, at 16. On January 20, 2023, that decision became the Final Decision of the Board when Mr. Gonzalez did not petition for review before the full Board ("*Gonzalez II*"). Mr. Gonzalez thereafter timely petitioned this court for review.

We have jurisdiction over Mr. Gonzalez's petition for review of *Gonzalez II* pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We may set aside the decision of the Board only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review the Board's fact findings for substantial evidence, and we give no deference to its determinations on matters of law. *See Brenner v. Dep't of Veterans Affs.*, 990 F.3d 1313, 1322 (Fed. Cir. 2021). The petitioner "bears the burden of establishing error in the [Board's] decision." *Jones v. Dep't of Health & Hum. Servs.*, 834 F.3d 1361, 1366 (Fed. Cir. 2016) (quoting *Harris v. Dep't of Veterans Affs.*, 142 F.3d 1463, 1467 (Fed. Cir. 1998)).

I

Mr. Gonzalez's principal argument is that his May 2022 removal has "no force or effect" because the Agency could not undertake its second removal action until the Board's decision in *Gonzalez I* became final.[1]  *See* Pet'r's Br. 8.  In support of this contention, Mr. Gonzalez points to a number of the Board's previous decisions.  *See id.* (citing *Jackson v. United States Postal Serv.*, 79 M.S.P.R. 144, 146 (M.S.P.B. 1998); *Parker v. U.S. Postal Serv.*, 46 M.S.P.R. 214, 219 (M.S.P.B. 1990); *Fairley v. United States Postal Serv.*, 63 M.S.P.R. 10, 13 (M.S.P.B. 1994)).

As a threshold matter, we are not bound by Board precedent.  *See Vanieken-Ryals v. Off. of Pers. Mgmt.*, 508 F.3d 1034, 1041 (Fed. Cir. 2007).  Moreover, in *Coy v. Department of Treasury*, 43 F.4th 1334 (Fed. Cir. 2022), we expressly rejected the notion that (when the second decision is not inconsistent with the first decision) a "first [removal] action must be final before the second action can be initiated," *id.* at 1339, explaining that to the extent that the Board's precedent was to the contrary, "we disapprove of it," *id.* at 1339 n.3; *see also Gillebeau v. Dep't of Navy*, 362 F.3d 1329, 1331, 1333 (Fed. Cir. 2004).

II

Mr. Gonzalez also argues that the Board committed reversible error in finding that the Agency had properly weighed the factors set forth in *Douglas v. Department of Veterans Affairs*, 5 M.S.P.R. 280 (M.S.P.B. 1981), and in denying his motion to compel the production of documents

---

[1]    To the extent that Mr. Gonzalez argues that the Agency failed to comply with the Board's order in *Gonzalez I* to restore him to service prior to his May 2022 dismissal, the Board's contrary conclusion is supported by substantial evidence.

related to other Agency positions. Neither argument has any merit.

With respect to the Board's analysis of the *Douglas* factors, Mr. Gonzalez argues that the evidence in the record demonstrated that the Agency "did not consider any other alternative but dismissal" and ignored Mr. Gonzalez's "14 years of exceptional service with the Agency where most if not all, of his evaluations before 2017 were in the range of superior and outstanding." Pet'r's Br. 16. Mr. Gonzalez also points to Mr. Hoeppel's testimony that he did not "look at any other alternative other than firing [him]" in support of this position. Pet'r's Br. 15. We do not see any error in the Board's consideration of the *Douglas* factors. We have repeatedly explained that the *Douglas* factors need not "be applied mechanically" in every case, since the inquiry is inherently fact specific. *Nagel v. Dep't of Health & Hum. Servs.*, 707 F.2d 1384, 1386 (Fed. Cir. 1983). This is particularly the case when an employee is removed for failing to maintain a threshold requirement. *See Rodriguez v. Dep't of Homeland Sec.*, No. 2023-1833, 2023 WL 8494741, at *4 (Fed. Cir. 2023) (nonprecedential) ("It is well-established that the Board does not need to apply the *Douglas* factors if the removal action is based on an employee's failure to maintain a security clearance.").

The Board considered testimony of Agency officials that in light of "the importance of agency systems and data to the functions of . . . Government, it is imperative that all employees are deemed suitable for Federal employment based on a successful background investigation." Pet'r's App'x 8. The Board found reasonable the Agency's conclusion that that Mr. Gonzalez's misconduct was therefore "serious," since he "could not perform his IT duties without a favorable background investigation, . . . the agency clearly informed [him] of this requirement, . . . and [his] eighteen years of service, while mitigating, did

not outweigh the seriousness of his misconduct." *Id.* We see no error with the Board's analysis.

Mr. Gonzalez finally argues that the Board erred in denying his motion to compel discovery regarding other Agency positions. The Board properly found that those documents were not relevant. Mr. Gonzalez contends that those documents might have revealed that he could have been considered for other potential assignments. The Agency was not required to consider alternative reassignments because Mr. Gonzalez was removed for failing to comply with a required security clearance. *See Hesse v. Dep't of State*, 217 F.3d 1372, 1381 (Fed. Cir. 2000).

## CONCLUSION

We have considered Mr. Gonzalez's additional arguments and are not persuaded. The Board's decision is affirmed.

## **AFFIRMED**

### COSTS

No costs.