**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

REGINALD L. JACKSON,
   Appellant,

  v.

DEPARTMENT OF THE NAVY,
   Agency.

DOCKET NUMBER
SF-0752-19-0585-I-1

DATE: July 19, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Reginald L. Jackson, San Diego, California, pro se.

Jere Diersing, Esquire, San Diego, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which affirmed his removal. For the reasons discussed below, we GRANT the appellant's petition for review and REVERSE the initial decision.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    The appellant was employed as a WG-10 Electronic Alarm System Mechanic in the Department of Public Works at Naval Base Point Loma (NBPL). Initial Appeal File (IAF), Tab 7 at 27.  There is no dispute that the Department of Public Works at NBPL was and remains a component of the Department of the Navy.  *Id.* at 6, 27, 155.

¶3    After the appellant reported that his car had been damaged in a base parking lot on April 3, 2019, the NBPL Security Department conducted a background check, which revealed that he was a registered sex offender.[2]  *Id.* at 67.  Following the incident, the agency reviewed his personnel file and discovered that it did not contain a sex offender registry waiver for access to U.S. Navy property.  *Id.* at 59.

¶4    Effective April 5, 2019, the agency placed the appellant on administrative leave and the NBPL Commanding Officer, a Navy Captain, barred the appellant from entering U.S. Navy property within Navy Region Southwest (which included the base) indefinitely.  *Id.* at 8, 55, 57.  Because the appellant was barred from entering the base, he was unable to report for duty and was notified on April 11, 2019, that he had been placed in absence without leave (AWOL) status.  *Id.* at 53.  Thereafter, effective July 20, 2019, the agency removed the appellant from his position based on a charge of AWOL from April 11 to June 8, 2019.  *Id.* at 27, 29-32, 36-38.

¶5    The appellant appealed his removal to the Board and raised due process and harmful error affirmative defenses.  IAF, Tabs 1, 12.  After holding the appellant's requested hearing, the administrative judge affirmed the agency's action.  IAF, Tab 40, Initial Decision (ID).  The administrative judge found that the agency proved its charge of AWOL and noted that he lacked the authority to review the barment decision that led to the appellant's placement in an AWOL

---

[2] The running of such background checks was standard operating procedure for the NBPL Security Department.  IAF, Tab 7 at 67.

status. ID at 4-5. He also found that the appellant failed to prove his affirmative defenses. ID at 5-10. Finally, the administrative judge found that the agency proved nexus and the reasonableness of the penalty. ID at 11-13.

¶6      The appellant has filed a petition for review of the initial decision arguing, among other things, that the agency forced his absences from his place of employment and that he was ready, willing, and able to work. Petition for Review (PFR) File, Tab 3 at 6. The agency has responded in opposition to the petition for review. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge erred in sustaining the AWOL charge.

¶7      In its proposal notice, the agency charged the appellant with AWOL and articulated a single specification in support of the charge, which stated in pertinent part as follows:

> As of 5 April 19, you were prohibited from entering U.S. Navy property within Navy Region Southwest (including Naval Base Point Loma, which is your normal place of duty) indefinitely pursuant to [the April 5, 2019 barment notice from the Commanding Officer]. As a result, you are unable to report to duty and perform work. On 11 April 19 you received notice that you had been placed in an AWOL status due to your inability to report to your assigned workplace.

IAF, Tab 7 at 36. The specification further stated that the appellant was carried in an AWOL status from April 11through June 8, 2019, for a total of 360 hours of AWOL. *Id.* The deciding official found that the charge and the specification were supported by preponderant evidence, and he removed the appellant. *Id.* at 29.

¶8      One way for an agency to prove a charge of AWOL is for the agency to demonstrate that the employee was absent from duty and that his absence was

without authorization.[3] *Savage v. Department of the Army*, [122 M.S.P.R. 612](#), ¶ 28 n.5 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, [2022 MSPB 31](#), ¶¶ 23-25. In sustaining the removal action, the administrative judge found that the appellant was absent from duty from April 11 to June 8, 2019, and we agree with that finding, which is undisputed by the parties. ID at 4. The administrative judge further found that the appellant's absence was not authorized and that the Board lacks the authority to review the barment decision. ID at 4-5. We agree with the administrative judge that the Board is not authorized to review the decision to bar the appellant from its facilities[4]; however, whether the agency can prove that the appellant's absence from duty was unauthorized is a separate question that the Board must consider. The administrative judge failed to do so, and thus we do so now.

¶9 Whether the agency can prove the unauthorized absence element of an AWOL charge when the reason for the appellant's absence was an agency decision to bar him from his place of employment is the central issue in this appeal.[5] In *Ely v. U.S. Postal Service*, [56 M.S.P.R. 103](#), 105 (1992), a Postal worker was absent from duty for a period of time and, when he returned to work, his supervisor purportedly orally told him that he was fired. Based on the

---

[3] An agency may also establish a charge of AWOL by showing that an employee's request for leave to excuse an absence was properly denied. *Savage v. Department of the Army*, [122 M.S.P.R. 612](#), ¶ 28 n.5 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, [2022 MSPB 31](#), ¶¶ 23-25. This is not a case in which the appellant requested leave that was then denied.

[4] The Supreme Court has held that a commanding officer has broad authority to issue a barment letter, as long as the letter is not patently arbitrary or discriminatory. *United States v. Albertini*, [472 U.S. 675](#), 690 (1985) (finding that military officers traditionally have exercised unfettered discretion in excluding civilians from their area of control).

[5] On April 17, 2019, the appellant challenged, through the applicable negotiated grievance procedure, the agency's decision to place him in an AWOL status. IAF, Tab 7 at 20-21. He specifically stated that he was "ready, willing, and able to work." *Id.* at 21. Thus, it was solely the agency's barment decision that kept the appellant from reporting for duty. The appellant's grievance was denied on May 16, 2019. *Id.* at 22-23. There is no indication that the appellant grieved the removal action.

implicit instruction to stop reporting for work contained in the statement that he was fired, the employee stopped coming to work and several months later the agency removed him based on a charged of AWOL. *Id.* at 105-06. While the Board found that the AWOL charge could be sustained based on the absence prior to the supervisor's purported instruction, the Board observed that if the employee reasonably believed that he had been fired, his absences after that date could not be charged as AWOL. *Id.* at 106.

¶10    Although in *Ely,* whether the employee was actually told that he was fired (and thus not to report for duty) was an unresolved factual question, here, there is no question that the agency instructed the appellant not to report for duty. *Compare* 56 M.S.P.R. at 105-06, *with* IAF, Tab 7 at 55. The barment letter could not have been clearer, specifically stating that the appellant was prohibited from entering U.S. Navy property in the Southwest Region, including the facility where he worked, and also stating that if he was found on an agency facility he would be subject to criminal prosecution. IAF, Tab 7 at 55. As the Board reasoned in *Ely*, when an agency instructs an employee not to report for work, he cannot be charged with AWOL. 56 M.S.P.R. at 106. The appellant's absence from the workplace was not unauthorized; it was in compliance with an agency instruction. It is axiomatic that, absent unusual circumstances not present here, a Government employee is required to comply with the instructions of his superiors.[6] *Nagel v. Department of Health and Human Services*, 11 M.S.P.R. 538, 540 (1982) (stating that an employee "has no right to refuse to abide by legitimate supervisory authority"), *aff'd*, 707 F.2d 1384 (Fed. Cir. 1983); *see Webster v. Department of the Army*, 911 F.2d 679, 684 (Fed. Cir. 1990) (stating that the efficiency of the service requires that an immediate supervisor's lawful instructions must be

---

[6] Limited exceptions to the requirement that Government employees follow supervisory instructions exist when the instruction is clearly unlawful or when compliance with the order would place the employee in a clearly dangerous situation. *Harris v. Department of the Air Force*, 62 M.S.P.R. 524, 528-29 (1994); *Gannon v. U.S. Postal Service*, 61 M.S.P.R. 41, 44 (1994). As noted, those circumstances are not present here.

obeyed even if the employee correctly believes that the instruction is foolish); *Parbs v. U.S. Postal Service*, 107 M.S.P.R. 559, ¶¶ 20, 22-26 (2007) (sustaining the appellant's removal based on a charge of improper conduct by being insubordinate), *aff'd*, 301 F. App'x 923 (Fed. Cir. 2009); *Griffin v. Department of the Army*, 66 M.S.P.R. 113, 116 (1995) (agreeing with the administrative judge's finding that a denial of supervisory authority strikes at the very heart of the supervisor-employee relationship), *aff'd*, 78 F.3d 603 (Fed. Cir. 1996) (Table). Moreover, the Board has held that an employee whose actions were directed by his supervisors should not be disciplined because a Government employee may not refuse an instruction merely because he challenges its propriety. *Rose v. Department of Housing and Urban Development*, 26 M.S.P.R. 356, 360 (1985).

¶11     The agency explained its organizational structure in some depth in its response to the appellant's appeal, observing, among other things, that the Point Lorna Public Works Department is a subordinate command of the Naval Facilities Engineering Command and that it is a "tenant organization" on NBPL. IAF, Tab 7 at 6-7. The Board has addressed the unusual employment situation that exists when a host organization bars an employee of a tenant organization from the facility where he works. *Rose v. Department of Defense*, 118 M.S.P.R. 302 (2012); *Hollingsworth v. Defense Commissary Agency*, 82 M.S.P.R. 444 (1999).[7] The situation present in those cases is not present here. In *Rose* and *Hollingsworth*, the individuals were employed by the Defense Commissary agency, a component of the Department of Defense, which operated stores as tenants on facilities operated by the Department of the Navy in the case of Mr. Rose and the Department of the Army in the case of Mr. Hollingsworth. In

---

[7] In *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10 (2014), the Board overruled the characterization in *Hollingsworth* and other cases that an agency placing an employee in an enforced leave status for more than 14 days constituted a constructive suspension; the Board held that such actions are appealable suspensions within the meaning of 5 U.S.C. §§ 7512(2) and 7513(d). The finding in *Abbott* did not, however, overrule the proposition for we have cited *Hollingsworth*.

this case, as noted, the appellant was employed by a component of the Department of the Navy and was barred from his place of employment by an officer of the Department of the Navy. Thus, this is not a case in which one department of the Government bars an employee of a completely separate department from its facility.

¶12 In sum, we find that, when an appellant's employing agency orders him not to report to his place of employment, the employing agency cannot then find that the absence from duty was not authorized and remove the employee for AWOL. Because the Board can only consider an agency action based on the charge brought by the agency, we make no finding regarding whether the agency could remove the appellant based on other grounds, such as the actions that led to the appellant being required to register as a sex-offender or the appellant's inability to meet a requirement of employment on the base.[8] *Seas v. U.S. Postal Service*, 73 M.S.P.R. 422, 426 n.4 (1997) ("It is well settled that the Board will not consider a charge that the agency could have brought but did not").

## ORDER

¶13 We ORDER the agency to cancel the July 20, 2019 removal action and to restore the appellant effective July 20, 2019. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶14 We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's

---

[8] In light of our finding, we need not address the appellant's arguments on review that the agency violated his due process rights, committed harmful procedural error, failed to consider a lesser penalty, and constructively suspended him when it precluded him from reporting for work. PFR File, Tab 1 at 5-8. Nor do we need to address the arguments that the administrative judge erred in his legal analysis and in how he conducted the hearing. *Id.* at 8-12.

efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶15 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶16 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶17 For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of

the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* [42 U.S.C. § 2000e-5](f) and [29 U.S.C. § 794a].

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

[http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx](http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx).

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  [5 U.S.C. § 7702](b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7702](b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[10]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
_____

                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.


# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.