# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DOROTHY GIBBS,
                Appellant,

      v.

UNITED STATES POSTAL SERVICE,
                Agency.

DOCKET NUMBER
NY-0752-18-0047-I-1

DATE: April 24, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Silas Burgess, III, New York, New York, for the appellant.

Anthony V. Merlino, Esquire, and David S. Friedman, Esquire, New York, New York, for the agency

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the agency's decision demoting her from her position as a Postmaster to a Full Time Mail Handler. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

By letter dated June 9, 2017, the agency proposed reducing the appellant in grade and pay from her supervisory position as a Postmaster to a nonsupervisory position as a Full Time Mail Handler, Level 4, based on the charge of conduct unbecoming a supervisor. In the narrative description under the charge, the agency alleged that the appellant failed to report an incident in which she was sexually assaulted by one of her subordinates in July 2014, but reached an out-of-court settlement agreement by which her subordinate would pay the appellant $10,000 in exchange for her agreement not to file a civil lawsuit against him. Initial Appeal File (IAF), Tab 7 at 18-21. The appellant provided a written reply to the proposal. IAF, Tab 9 at 10-12. After considering the appellant's reply, the deciding official issued a decision letter sustaining the charge and the demotion penalty. IAF, Tab 1 at 14-18.

The appellant timely filed the instant Board appeal challenging her demotion, arguing that the agency committed harmful procedural error. *Id*. at 6. In response to the administrative judge's affirmative defense order, IAF, Tab 3, the appellant elaborated on her claim, arguing that the charge was unsupported by

the record and that the demotion penalty was unreasonable. IAF, Tab 6 at 17-22; Tab 10 at 11-12. Additionally, the appellant raised the following affirmative defenses: (1) the agency committed harmful procedural errors by issuing the proposed demotion without conducting a pre-disciplinary interview or an independent investigation in violation of the agency collective bargaining agreement, by denying the appellant's request for a union representative to be present when she received the proposal letter in violation of her *Weingarten*[2] rights, by relying on a vague and inaccurate charge, and by failing to adequately consider lesser alternative penalties; (2) the agency committed due process violations when the proposing official relied on ex parte information obtained during the agency's Office of Inspector General (OIG) investigation related to the sexual assault without providing the appellant with notice and an opportunity to respond, and further, by preventing the appellant from participating in an arbitration proceeding that the appellant argued impacted her rights, and relying on the unfavorable arbitration decision as an unnoticed "aggravating" factor in the demotion decision; and (3) that the demotion was taken in retaliation for the appellant's prior protected equal employment opportunity (EEO) activity, or that the agency treated her disparately and discriminated against her. IAF, Tab 6 at 6-17, 22-23; Tab 10 at 6-11; Tab 30 at 8.

After holding the appellant's requested hearing, the administrative judge issued an initial decision concluding that the agency proved the conduct unbecoming charge by preponderant evidence and that the appellant failed to prove any of her affirmative defenses. IAF, Tab 43, Initial Decision (ID) at 15-28, 29-33. Additionally, the administrative judge concluded that a nexus

---

[2] *Weingarten* rights involve a private sector employee's right, articulated in *National Labor Relations Board v. Weingarten, Inc.*, 420 U.S. 251, 260 (1975), to request union representation at an investigatory interview that the employee reasonably believes might result in disciplinary action. *See Howard v. Office of Personnel Management*, 31 M.S.P.R. 617, 621 (1986), *aff'd*, 837 F.2d 1098 (Fed. Cir. 1987) (Table). Congress granted Federal employees *Weingarten*-type rights in the Civil Service Reform Act. 5 U.S.C. § 7114(a)(2)(B).

existed between the charge and the efficiency of the service, and that the agency's chosen demotion penalty did not exceed the bounds of reasonableness. ID at 28-29, 33-35. Consequently, the administrative judge affirmed the demotion decision. ID at 36.

The appellant has timely filed a petition for review of the initial decision, and the agency has filed a response in opposition. Petition for Review (PFR) File, Tabs 1, 3. The appellant has not filed a reply.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant generally challenges the administrative judge's credibility determinations, argues that the administrative judge incorrectly concluded that the agency met its burden of proving the charge, and argues that she did in fact alert the proper authorities of the sexual assault in a manner consistent with agency policy. PFR File, Tab 1 at 4. However, she does not challenge the administrative judge's findings regarding her affirmative defenses.

Included as an attachment to her petition for review, the appellant provides 89 pages of filings, all of which were included in the record below, including a copy of her post-hearing written closing brief and the initial decision. *Id.* at 5-93. The Board has held that pleadings that do not raise specific arguments of error and instead merely incorporate all arguments set forth in a brief submitted below do not meet the criteria for Board review because they do not explain how or why the administrative judge erred. *See Mulroy v. Office of Personnel Management*, 92 M.S.P.R. 404, ¶15 (2002), *overruled on other grounds by Clark v. Office of Personnel Management*, 120 M.S.P.R. 440, ¶ 12 (2013); *Mawson v. Department of the Navy*, 48 M.S.P.R. 318, 321 (1991). The appellant has not provided any new argument or allegation of error by the administrative judge related to these documents, and therefore, we decline to reconsider the arguments contained in the resubmitted documents.

Regarding the appellant's argument on review that the agency failed to prove the charge of conduct unbecoming, we find no error in the administrative judge's finding that the agency met its burden of proving the charge. PFR File, Tab 1 at 4. When, as here, the agency's charge contains a narrative explanation for the basis of its action, the agency may sustain its charge by proving one or more of the incidents described therein; proof of every incident is not required. *See Otero v. U.S. Postal Service*, 73 M.S.P.R. 198, 204 (1997). A charge of "conduct unbecoming" has no specific elements of proof but is established by proving that the employee committed the acts alleged in support of the general label of the charge. *See Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010); *Alvarado v. Department of the Air Force*, 103 M.S.P.R. 1, ¶ 22 (2006), *aff'd*, 626 F. Supp. 2d 1140 (D. N.M. 2009), *aff'd*, 490 F. App'x 932 (10th Cir. 2012). Thus, to prove its charge, the agency was required to demonstrate that the appellant engaged in the underlying conduct described in support of the broad label "conduct unbecoming a supervisor." *See Canada*, 113 M.S.P.R. 509, ¶ 9. The Board has held that such a charge typically involves conduct that is improper, unsuitable, or detracts from one's character or reputation. *See Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 42 (2010), *aff'd*, 635 F.3d 526 (Fed. Cir. 2011), *and overruled on other grounds by Department of Health and Human Services v. Jarboe*, 2023 MSPB 22.

In the initial decision, the administrative judge correctly identified the required elements for proving the generic charge of "conduct unbecoming." ID at 5 (citing *Miles v. Department of the Army*, 55 M.S.P.R. 633, 637 (1992)). Additionally, in reaching her conclusion that the agency met its burden, the administrative judge considered the undisputed fact that the appellant failed to report the sexual assault incident to any of the individuals identified in agency Publication 552 governing workplace harassment reporting requirements for supervisors, the fact that the appellant received a training outlining the proper course of conduct for reporting such incidents, and the fact that she admitted to

settling the underlying incident by accepting $10,000 from her subordinate in exchange for not filing a civil lawsuit against him. ID at 7-9. Consequently, the administrative judge concluded that the agency proved by preponderant evidence that the appellant had engaged in the specific conduct outlined in the narrative charge and that said conduct was "was improper and detracted from [the appellant's] character or reputation," and therefore was conduct unbecoming of a supervisor. ID at 15.

The appellant also argues that the administrative judge erred in her credibility determinations. PFR File, Tab 1 at 4. When an administrative judge has held a hearing and has made credibility determinations that were explicitly or implicitly based on the witness's demeanor while testifying, the Board must defer to those credibility determinations and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016); *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). In the initial decision, the administrative judge made detailed credibility findings, declining to credit the appellant's testimony that she reported the sexual assault to a supervisor colleague, observing that the appellant had provided contrary information during her interview with the agency's OIG investigator, informing him that she had said "nothing" to the colleague because he was already aware of the incident. ID at 10; IAF, Tab 39, Hearing Transcript (HT) at 23-24. The administrative judge also did not credit the appellant's assertion that she had reported the incident to the EEO office based on the fact that she could not initially provide any information about who she allegedly reported the claim to in her interview with the OIG investigator, and the fact that an EEO Data Analyst at the National EEO Investigative Services Office testified at the hearing that there was no record of the appellant filing a report during the relevant timeframe. ID at 10; HT at 77-78. In making these determinations, the administrative judge relied on the relevant factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R.

453, 458 (1987), to assess the credibility of the numerous witnesses as to the disputed factual matters. ID at 8-15 (citing *Hillen*, 35 M.S.P.R. at 458; *Hawkins v. Smithsonian Institution*, 73 M.S.P.R. 397, 403-04 (1997)). Given the administrative judge's demeanor-based findings, we find that the appellant has failed to provide a sufficiently sound reason to disturb these conclusions. *See Purifoy*, 838 F.3d at 1372-73. Based on the foregoing, we conclude that the administrative judge sufficiently considered all the relevant evidence, and we see no reason to disturb her conclusion that the agency met its burden of proving the charge of conduct unbecoming a supervisor.[3] *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility); *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (same).

Additionally, although the appellant has not challenged the administrative judge's findings regarding her discrimination affirmative defense, we take this

---

[3] On review, the appellant does not challenge the administrative judge's findings that the agency met its burden of proving a nexus between its action and the efficiency of the service, and that the penalty was within the tolerable bounds of reasonableness. ID at 28-29, 33-35. We discern no reason to disturb either finding. Additionally, to the extent the appellant is arguing that the deciding official failed to appropriately weigh or consider the relevant factors for assessing the appropriateness of an agency-imposed penalty, as articulated by the Board in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the administrative judge correctly found that the deciding official specifically identified the relevant *Douglas* factors applicable to the appellant's case, including the appellant's lack of past discipline, the effect of the offense on her ability to perform her duties, her position as a supervisor, her lack of apparent remorse, and the lack of effective alternative discipline. PFR File, Tab 1 at 4; ID at 33-35. The Board has made clear that not every *Douglas* factor is relevant to a particular case. *See Nagel v. Department of Health and Human Services*, 707 F.2d 1384, 1386 (Fed. Cir. 1983) ("The [B]oard never intended that each [*Douglas*] factor be applied mechanically, nor did it intend mandatory consideration of irrelevant factors in a particular case."); *Douglas*, 5 M.S.P.R. at 305-06 (stating that not all of the factors will be pertinent in every case, and it must be borne in mind that the relevant factors are not to be evaluated mechanistically). Further, on review, the appellant has not specifically identified which relevant factors she believes the administrative judge failed to address. Accordingly, we find no error in the administrative judge's determination that the agency considered the relevant *Douglas* factors in effectuating the demotion decision.

opportunity to clarify one part of the initial decision. In addressing the appellant's discrimination affirmative defense in the initial decision, the administrative judge referred to the appellant's claim as one of "disparate penalties" on one occasion, and cited *Ly v. Department of the Treasury*, 118 M.S.P.R. 481, ¶¶ 13-15 (2012), which concerns a claim of disparate penalties. ID at 15, 31. An allegation that an appellant was treated less favorably than others in the context of a discrimination claim is a claim of disparate treatment that is analyzed under Title VII evidentiary standards. A claim of disparate penalties, on the other hand, is a claim of unfair treatment unaccompanied by a claim of discrimination. *See Hooper v. Department of the Interior*, 120 M.S.P.R. 658, ¶ 8 (2014) (explaining that the standards for proving an appellant was treated unfairly differ depending on whether an employee is alleging discrimination or not).

Despite the administrative judge's single reference to "disparate penalties" and the citation to *Ly*, the remainder of the record makes clear that the appellant was alleging disparate treatment on the basis of discrimination and in retaliation for engaging in protected EEO activity. *See* IAF, Tab 6 at 22 (arguing that the purported male comparator engaged in similar misconduct but was not reduced in grade and pay, and that this constituted "disparate treatment"); Tab 28 at 6 (identifying the appellant's affirmative defense as based on the "[d]isparity in [t]reatment" based on the appellant's gender); Tab 30 at 8 (correcting the administrative judge's status conference order summary, identifying that the appellant was alleging that she was "treated disparately on account of her sex . . ."); Tab 33 at 3 (accepting the appellant's corrections to the status conference summary, reflecting the "treated disparately" language); HT at 11, 265-65 (identifying the appellant's affirmative defense as a claim that she was treated disparately[4]). Additionally, the administrative judge cited and applied the

---

[4] On two occasions, the hearing transcription misidentifies "disparately" as "disputatively," but it is clear based on the context in which the words appear that "disparately" is the intended word. HT at 264-65.

correct legal standard for analyzing disparate treatment claims in finding that the appellant failed to meet her burden of proving the affirmative defense. ID at 31-32; *see Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 37 (2014) (stating that, to be similarly situated, comparators must have reported to the same supervisor, been subjected to the same standards governing discipline, and engaged in conduct similar to the appellant's without differentiating or mitigating circumstances). Accordingly, we conclude that the administrative judge correctly adjudicated the appellant's affirmative defense as an allegation of disparate treatment.

Regarding the substance of the discrimination affirmative defense, in the initial decision, the administrative judge determined that the appellant failed to meet her burden of proving her affirmative defenses of disparate treatment on the basis of discrimination and in retaliation for her prior EEO activity. ID at 29-33. The administrative judge observed that the alleged comparator was not in the same chain of command as the appellant and did not engage in the same or substantially similar misconduct as the appellant. ID at 31-32. Consequently, the administrative judge concluded that the appellant did not establish that discrimination was a motivating factor in the agency's decision to demote her. ID at 33. Regarding the appellant's claim of retaliation for prior EEO activity, the administrative judge acknowledged that there was no dispute that the appellant had participated in prior EEO activity, but concluded that the appellant had not put forth any evidence that the deciding official was aware that the appellant had done so at the time he issued his decision. ID at 27-28. Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that discrimination or retaliation was a "but-for" cause of the agency's decisions.

*See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

Therefore, for the reasons discussed above, we deny the petition for review and affirm the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                                Gina K. Grippando
                                                Clerk of the Board

Washington, D.C.