**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CATHEA M. SIMELTON,
          Appellant,

    v.

DEPARTMENT OF AGRICULTURE,
          Agency.

DOCKET NUMBER
AT-0752-17-0741-I-2
AT-0752-20-0121-I-2

DATE:  July 26, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Danielle B. Obiorah, Esquire, Jonesboro, Georgia, for the appellant.

Debra D'Agostino, Esquire, and Louise E. Ryder, Esquire,
    Washington, D.C., for the appellant.

Juan Carlos Alarcon, Rory Layne, Esquire, and Domiento Hill, Esquire,
    Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## REMAND ORDER

¶1      The agency has filed a petition for review of the initial decision in *Simelton v. Department of Agriculture*, MSPB Docket No. AT-0752-17-0741-I-2, which

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

reversed the appellant's removal pursuant to 5 U.S.C. chapter 75 on due process grounds. The appellant has filed a petition for review of the initial decision in *Simelton v. Department of Agriculture*, MSPB Docket No. AT-0752-20-0121-I-2, which sustained her subsequent removal under the procedures of 5 U.S.C. chapter 43. For the reasons discussed below, we JOIN the appeals on our own motion.[2] We GRANT the agency's petition for review in the 0741 matter and VACATE the initial decision. We GRANT the appellant's petition for review in the 0121 matter and VACATE the initial decision. We REMAND both appeals to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      The appellant was formerly employed by the agency as an Equal Opportunity Specialist until the agency removed her for unacceptable performance, effective August 11, 2017. *Simelton v. Department of Agriculture*, MSPB Docket No. AT-0752-17-0741-I-1, Initial Appeal File (0741 IAF), Tab 8 at 18-26. As authority for its action, the agency's proposal notice and Standard Form 50 documenting the removal cited the regulations at 5 C.F.R. part 432. *Id.* at 18, 33. The appellant filed a Board appeal challenging her removal and raising affirmative defenses of discrimination based on race, sex, and disability, whistleblower retaliation, and harmful procedural error. 0741 IAF, Tab 1 at 6, Tab 15 at 6. In her prehearing submission, the appellant asserted that the agency could not meet its burden of proof in support of its action under 5 U.S.C. chapter 43 because it could not show that the Office of Personnel Management (OPM) had approved its performance appraisal system. 0741 IAF, Tab 15 at 7. Noting that this issue was potentially dispositive, the administrative judge ordered the parties to submit written briefs on the issue. 0741 IAF, Tab 27 at 4. In response, the agency argued that OPM had properly approved its performance

---

[2] On our own motion, we have joined these appeals pursuant to 5 C.F.R. § 1201.36(a)(2), (b). We find that joinder is appropriate because it will expedite the processing of these appeals and will not adversely affect the interests of the parties.

appraisal system but, in the alternative, it requested to proceed with processing the appeal under 5 U.S.C. chapter 75 if the administrative judge determined that it could not proceed under chapter 43. 0741 IAF, Tab 28 at 4-5. According to the parties, during a status conference on or about March 9, 2018, the administrative judge indicated his preliminary intent to rule against the agency on this issue. 0741 IAF, Tab 33 at 4; *Simelton v. Department of Agriculture*, MSPB Docket No. AT-0752-17-0741-I-2, Petition for Review (0741 PFR) File, Tab 1 at 11-12. Thereafter, the administrative judge dismissed the appeal without prejudice to allow further consideration of this, and other, issues. 0741 IAF, Tab 34.

¶3    After the appeal was refiled, the agency moved to have the removal action considered under the procedures and requirements of chapter 75 rather than chapter 43. *Simelton v. Department of Agriculture*, MSPB Docket No. AT-0752-17-0741-I-2, Refiled Appeal File (0741 RAF), Tab 3. The appellant opposed the agency's motion, asserting, among other things, that the agency's proposal and decision letters failed to state how the removal would "promote the efficiency of the service," and thus, that she lacked the opportunity to argue to the agency's deciding official regarding the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (the *Douglas* factors). 0741 RAF, Tab 4 at 8-10. The administrative judge granted the agency's motion and redocketed the appeal as a chapter 75 appeal. 0741 RAF, Tab 5. The parties were permitted an opportunity to engage in further discovery as it pertained to the new issues presented as an adverse action under chapter 75. *Id.* at 2. After holding a partial hearing, the administrative judge issued an initial decision reversing the removal action on due process grounds.[3] 0741 RAF, Tab 39, Initial Decision (0741 ID). In particular, he found that the deciding official's failure to consider the *Douglas* factors amounted to a violation of the appellant's

---

[3] Having determined that there was a due process violation, the administrative judge adjourned the hearing after a portion of the deciding official's testimony, without hearing the testimony of the agency's remaining witnesses or the appellant's witnesses. 0741 RAF, Tab 34-5, Hearing Recording, at 5:30-8:30.

constitutional due process rights. 0741 ID at 6-8 (citing *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1374-75 (Fed. Cir. 1999)). The agency filed a petition for review, which the appellant opposed. 0741 PFR File, Tabs 1, 3.

¶4      While the agency's petition for review was pending in the 0741 matter, on May 24, 2019, the agency reissued a new proposal to remove the appellant for unacceptable performance, pursuant to 5 U.S.C. chapter 43. *Simelton v. Department of Agriculture*, MSPB Docket No. AT-0752-20-0121-I-1, Initial Appeal File (0121 IAF), Tab 13 at 104-20. The new proposal was premised on the same alleged performance issues that predicated the first removal action. *Id.*; 0741 IAF, Tab 8 at 33-47. The appellant submitted oral and written responses to the proposal. *E.g.*, 0741 IAF, Tab 7 at 40-60, 93-100. By letter dated September 19, 2019, the deciding official sustained the May 2019 proposed removal, and the agency removed the appellant from Federal service. 0121 IAF, Tab 25 at 38-46. The appellant filed a Board appeal challenging the second removal action and raising affirmative defenses of retaliation for engaging in protected equal employment opportunity (EEO) activity and violations of her due process rights. 0121 IAF, Tab 1; *Simelton v. Department of Agriculture*, MSPB Docket No. AT-0752-20-0121-I-2, Refiled Appeal File (0121 RAF), Tab 13 at 30-33. After a hearing, the administrative judge[4] upheld the appellant's removal and denied her affirmative defenses. 0121 RAF, Tab 15, Initial Decision (0121 ID). The appellant filed a petition for review, and the agency filed a response. *Simelton v. Department of Agriculture*, MSPB Docket No. AT-0752-20-0121-I-2, Petition for Review (0121 PFR) File, Tabs 4, 6.

---

[4] The 0121 appeal was assigned to a different administrative judge than the 0741 appeal.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We reverse the administrative judge's finding that the agency committed a due process violation regarding the first removal action and remand the 0741 appeal for further adjudication.</u>

¶5    In its petition for review in the 0741 matter, the agency disputes what it characterizes as the administrative judge's oral ruling that OPM had not approved its performance appraisal system. 0741 PFR File, Tab 1 at 15-19. Although unclear, it does not appear that the administrative judge orally ruled that the agency's performance system was not approved by OPM but, rather, that he appears to have notified the parties of his intent to do so. 0741 IAF, Tab 33 at 4; 0741 PFR File, Tab 1 at 11-12. According to the agency, during the status conference, the administrative judge verbally informed the parties that he intended to rule against the agency on this issue and, therefore, reverse the removal of the appellant, but he wanted additional time to consider the ramifications of the appellant's affirmative defenses. 0741 PFR File, Tab 1 at 11-12. This is consistent with the initial decision that dismissed the appeal without prejudice. 0741 IAF, Tab 34 at 3-4. Regardless, the record reflects that the agency moved to process the appeal pursuant to chapter 75 rather than chapter 43, the administrative judge granted the agency's motion, and a partial hearing was held construing the agency's action under chapter 75. 0741 RAF, Tabs 3, 5, 34. The agency did not object to proceeding under chapter 75 and did not pursue an interlocutory appeal concerning any alleged ruling it believed that the administrative judge had made on the chapter 43 issue.[5] *See* 5 C.F.R. §§ 1201.91-1201.93. Thus, we find that, at this stage of the appeal, the agency cannot now challenge the administrative judge's order granting its motion to process the appeal as a chapter 75 removal appeal. *Cf. McCarthy v. International*

---

[5] The agency asserts on review that the administrative judge's purported oral ruling prevented it from filing an interlocutory appeal. 0741 PFR File, Tab 1 at 15. However, there is no evidence that the agency requested a written ruling or otherwise objected to the administrative judge's purported oral ruling.

*Boundary and Water Commission*, 116 M.S.P.R. 594, ¶ 25 (2011) (finding that the appellant's failure to timely object to rulings during the hearing precluded his doing so on petition for review), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012); *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (finding that the appellant's failure to timely object to the administrative judge's rulings on witnesses precluded his doing so on petition for review).

¶6          We find, however, that the administrative judge erred in finding that the agency's failure to consider the *Douglas* factors amounted to a due process violation. According to the initial decision, the deciding official testified that, at the time she made her decision to remove the appellant, she did not consider any mitigating factors under *Douglas*. 0741 ID at 7-8. The administrative judge found that this constituted a "clear-cut due process violation" under *Stone*. *Id*. Thus, the administrative judge found that the appellant was not afforded a meaningful opportunity to invoke the deciding official's discretion concerning the penalty prior to her removal. *Id*. For the reasons set forth below, we disagree.

¶7          In *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985), the Supreme Court held that the government's failure to provide a tenured public employee with an opportunity to present a response, either in person or in writing, to an action that deprives him of his property right in his employment constitutes an abridgement of his constitutional right to due process of law. The Court explained that the minimum due process requirements are notice of the charges against the employee, an explanation of the employer's evidence, and an opportunity for the employee to present his side of the story and explain why a proposed action should not be taken. *Loudermill*, 470 U.S. at 546. The Court further explained that the opportunity to respond to a proposed adverse action is valuable in rendering an accurate decision because an adverse action will often involve factual disputes, and consideration of the employee's response may clarify such disputes. *Id.* at 543; *see Stone*, 179 F.3d at 1376. Further, "[e]ven where the facts are clear, the appropriateness or necessity of the [penalty] may

not be," and in such cases, the employee must receive a "meaningful opportunity to invoke the discretion of the decisionmaker." *Loudermill*, 470 U.S. at 543; *see Stone*, 179 F.3d at 1376; *see also Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 28 (2014) (holding that an appellant's due process rights under *Loudermill* include the right to invoke the discretion of a deciding official with authority to select from available alternative penalties). Thus, "the employee's response is essential not only to the issue of whether the allegations are true, but also with regard to whether the level of penalty to be imposed is appropriate." *Stone*, 179 F.3d at 1376.

¶8        We disagree with the administrative judge's finding that the appellant's constitutional due process right to invoke the discretion of a deciding official under *Loudermill* requires an agency to expressly consider the *Douglas* factors. The nature of the Board's review of the reasonableness of an agency-imposed penalty derives from the Civil Service Reform Act of 1978 and is not a matter of constitutional right. *See Ryan v. Department of Homeland Security*, 793 F.3d 1368, 1372 (Fed. Cir. 2015) (noting that, in *Douglas*, the Board addressed the question of whether its *statutory* authority includes authority to modify or reduce a penalty imposed on an employee by an agency's adverse action). Further, as the Board noted in *Douglas*, the factors are nonexhasutive, and not all of the factors will be pertinent in every case. *Douglas*, 5 M.S.P.R. at 305-06; *see also Farrell v. Department of the Interior*, 314 F.3d 584, 594 (Fed. Cir. 2002) (noting that the U.S. Court of Appeals for the Federal Circuit does not require the Board to consider every one of the 12 *Douglas* factors); *Nagel v. Department of Health and Human Services*, 707 F.2d 1384, 1386 (Fed. Cir. 1983) (noting that the Board "never intended that each [*Douglas*] factor be applied mechanically" and that "neither statute nor regulation *requires* an agency to demonstrate that it considered all mitigating factors"); *Chavez v. Small Business Administration*, 121 M.S.P.R. 168, ¶ 9 (2014) (stating that a deciding official does not have to consider each of the *Douglas* factors in making his penalty determination).

¶9     Moreover, the Board has not reversed agency actions on due process grounds when an agency fails to properly consider the *Douglas* factors. Rather, the Board has held that, when an agency fails to properly consider the *Douglas* factors, the Board need not defer to the agency's penalty determination. *See, e.g.*, *Wiley v. U.S. Postal Service*, 102 M.S.P.R. 535, ¶ 15 (2006), *aff'd*, 218 F. App'x 1001 (Fed. Cir. 2007); *Omites v. U.S. Postal Service*, 87 M.S.P.R. 223, ¶¶ 10-11 (2000); *Wynne v. Department of Veterans Affairs*, 75 M.S.P.R. 127, 135 (1997); *Harper v. Department of the Air Force*, 61 M.S.P.R. 446, 448 (1994); *see also McClaskey v. Department of Energy*, 720 F.2d 583, 588 (9th Cir. 1983) (rejecting the petitioner's argument that the agency failed to weigh the *Dougla*s factors and holding that the relevant inquiry is whether the Board applied the *Douglas* factors, whether or not the agency applied those criteria), *aff'd*, 720 F.2d 583 (9th Cir. 1983).[6] Under such circumstances, the Board has the authority to mitigate an agency's penalty. *See Lachance v. Devall*, 178 F.3d 1246, 1251, 1260 (Fed. Cir. 1999) (setting forth the Board's authority to mitigate an agency's penalty after consideration of the relevant *Douglas* factors if it finds the agency's penalty too severe); *Douglas*, 5 M.S.P.R. at 306 (stating that, only if the Board finds that the agency failed to weigh the relevant factors, or that the agency's judgment clearly exceeded the limits of reasonableness, is it appropriate for the Board then to specify how the agency's decision should be corrected to bring the penalty within the parameters of reasonableness).

¶10    Here, the record reflects that the appellant was afforded advance written notice of her removal based on her alleged performance deficiencies and the agency's reasons for her removal. 0741 RAF, Tab 8 at 10-24. She was also afforded a meaningful opportunity to respond orally and in writing, which included a meaningful opportunity to invoke the discretion of the deciding

---

[6] The decisions of circuit courts, other than the Federal Circuit, are generally not binding on the Board, but the Board may follow such decisions if it is persuaded by the court's reasoning, as we are here. *See Bowman v. Small Business Administration*, 122 M.S.P.R. 217, ¶ 13 n.8 (2015).

official with the authority to select from available alternative penalties.[7] 0741 RAF, Tab 7 at 32, Tab 8 at 4-9; *see Loudermill*, 470 U.S. at 543; *Buelna*, 121 M.S.P.R. 262, ¶ 28. In her written response, the appellant, who was represented by counsel, disputed the merits of the agency's charge and challenged the reasonableness of the penalty, noting that she had no prior performance issues and had received numerous awards, accolades, and letters of recognition. 0741 RAF, Tab 8 at 8-9. Under these circumstances, we find that the appellant was afforded the minimum predecisional due process required regarding her removal, and we reverse the administrative judge's finding to the contrary. *See Loudermill*, 470 U.S. at 545-46 (finding that the predecisional opportunity for an employee to respond "need not definitively resolve the propriety of the [action]" but rather "should be an initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action"). Because we find that the agency did not violate the appellant's due process rights by failing to consider the *Douglas* factors, we remand the 0741 appeal for further adjudication, as further explained below.

The 0121 appeal is remanded for further adjudication.

¶11 At the time the initial decision was issued in the AT-0752-20-0121-I-2 appeal, the Board's case law stated that, in a performance-based appeal under 5 U.S.C. chapter 43, an agency must establish by substantial evidence the following: (1) OPM approved its performance appraisal system and any

---

[7] Although the appellant and the deciding official may have been considering chapter 43 rather than chapter 75 procedures at the time, the appellant still had reason and opportunity to invoke the deciding official's discretion in this regard, and she did so. 0741 RAF, Tab 8 at 9. Under chapter 43 procedures, an agency deciding official has the discretion to choose to address unacceptable performance in different ways. *See* 5 U.S.C. § 4303(a). Nothing in the record suggests that the deciding official could not have chosen to impose a demotion in lieu of removal, or to take no action at all. *See id.* To the contrary, the proposal and decision notices contain statements indicating that the agency had concerns about the appellant's retention in any agency position given her discourteous and unprofessional behavior. 0741 RAF, Tab 7 at 37, Tab 8 at 22.

significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards are valid; (4) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to demonstrate acceptable performance; and (5) the appellant's performance remained unacceptable in one or more of the critical elements for which she was provided an opportunity to demonstrate acceptable performance. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010).[8] The administrative judge addressed each of these elements in turn and found that the agency carried its burden on all of them. 0121 ID at 11-17. He also found that the appellant did not prove her affirmative defenses. 0121 ID at 17-25. We have considered the appellant's arguments on review but find no basis to disturb the administrative judge's findings.[9]

¶12    However, we must nonetheless remand the 0121 appeal because, after the issuance of the 0121 initial decision, the Federal Circuit issued its decision in

---

[8] In his initial decision, the administrative judge set forth the standard as found in *Kadlec v. Department of the Army*, 49 M.S.P.R. 534, 539 (1991). 0121 ID at 4-5. This formulation omits the fifth element, i.e., that the agency must show by substantial evidence that the employee's performance remained unacceptable. Nevertheless, the administrative judge explicitly addressed this element in his initial decision. 0121 ID at 14-17.

[9] In evaluating the appellant's EEO retaliation defense, the administrative judge applied the evidentiary standards set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 41-43, 51 (2015). 0121 ID at 18-21. He explained that, under *Savage*, the burden-shifting framework of *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802-04 (1973), did not apply to Board proceedings, and the ultimate question was whether the appellant had met her burden of proving by preponderant evidence that retaliation was a motivating factor in the action being appealed. 0121 ID at 18. In *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 25, the Board overruled the aspect of *Savage* stating that the *McDonnell Douglas* burden-shifting framework does not apply to Board proceedings. Under *Pridgen*, however, it remains true that an employee must show that retaliation was at least a motivating factor in the employment decision to obtain any relief. *Pridgen*, 2022 MSPB 31, ¶¶ 30-33. We find no reason to disturb the administrative judge's finding that the appellant did not prove that EEO retaliation was at least a motivating factor in the agency's decision to remove her. 0121 ID at 18-21.

*Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021). In *Santos*, the court held for the first time that, in addition to the elements of a chapter 43 case just described, an agency must also show that the initiation of the performance improvement plan (PIP) was justified by the appellant's unacceptable performance before the PIP. 990 F.3d at 1360-63. Prior to *Santos*, it was well established that an agency need not prove unacceptable performance prior to a PIP, *see Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 13, and thus, the administrative judge did not make a determination on this issue. However, the Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Id.*, ¶¶ 15-16. Thus, remand is necessary for the administrative judge to address the additional requirement set forth in *Santos*.

¶13     We recognize that the viability of the 0121 appeal is dependent upon the outcome of the 0741 appeal. If the 0741 appeal is affirmed, the 0121 appeal is moot. *See Jackson v. U.S. Postal Service*, 79 M.S.P.R. 144, 146-47 (1998) (dismissing as moot the appeal of a second removal action after the earlier action was sustained). If the 0741 appeal is reversed, the viability of the 0121 appeal depends on the reasons for the reversal. An agency may not discipline an employee twice for the same conduct. *See, e.g., Frederick v. Department of Homeland Security*, 122 M.S.P.R. 401, ¶¶ 6-10 (2015); *Gartner v. Department of the Army*, 104 M.S.P.R. 463, ¶¶ 5-6 (2007); *Westbrook v. Department of the Air Force*, 77 M.S.P.R. 149, 155 (1997). On the other hand, an agency may bring a second action on the same charges when the previous action was reversed solely on procedural grounds. *See, e.g., Steele v. General Services Administration*, 6 M.S.P.R. 368, 372 (1981); *see also Special Counsel v. Smith*, 116 M.S.P.R. 520, ¶ 9 (2011); *Strope v. U.S. Postal Service*, 76 M.S.P.R. 539, 542 (1997).

Instructions on remand

¶14     On remand, the appeals should be assigned to a single administrative judge for a supplemental hearing and further processing. The appeals should remain

joined until the record on remand is closed, at which point the administrative judge may determine whether, in his or her discretion, the appeals should remain joined for purposes of issuing a decision.

¶15     It appears that the hearing in the 0741 appeal was adjourned prior to the conclusion of the agency's case in chief. Accordingly, the administrative judge shall conduct a supplemental hearing to allow both parties to put on evidence as to the chapter 75 appeal. As explained in the 0741 initial decision, the appellant agreed to waive her affirmative defenses at the hearing after the administrative judge announced his intent to reverse the agency's action on due process grounds, but she reserved the right to reinstate such affirmative defenses if the initial decision was reversed. 0741 ID at 8 n.6. Under these circumstances, we instruct the administrative judge to afford the appellant an opportunity at the supplemental hearing to establish her affirmative defenses, should she wish to reinstate them. The administrative judge shall then issue a remand initial decision.

¶16     The administrative judge need only address the merits of the 0121 appeal if it is appropriate to do so following resolution of the 0741 appeal. If the administrative judge addresses the merits of the 0121 appeal, the parties must be permitted an opportunity, at the supplemental hearing, to address the new element under *Santos*, and the remand initial decision must include such analysis. *Lee,* 2022 MSPB 11, ¶ 17. If the agency makes the additional showing required under *Santos* on remand, the administrative judge may reincorporate in the remand initial decision the prior findings concerning the other elements of the agency's case and on the appellant's EEO retaliation affirmative defense, as clarified herein. *See id.* However, regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the appellant's affirmative defenses, the administrative judge should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980)

(explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

¶17     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.



FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.